## Chicago City Railway Company v. Myrtle Hackett.

### Gen. No. 13,383.

1. NEGLIGENCE—*when running upon street with defective brake constitutes; when not.* Whether to run a car on a public street at eight or nine miles per hour with the brake chain entirely unwound constitutes or does not constitute negligence, depends upon conditions and circumstances. Such operation may amount to and constitute negligence at a street crossing or in a crowded street of a great city, but not be negligence upon an ordinary street.

2. NEGLIGENCE—*duty of motorman with respect to operation.* A motorman is required to operate his car with reference to perils which reasonably might be expected to occur, and if from and because of the presence of so many young children on the sidewalk who have just been dismissed from school, the jury might, as reasonable men, find that the motorman should reasonably have anticipated the danger that any of such groups of children might run into the street and upon the track in front of the car, then a duty on his part with respect to the operation of the car existed, and he was required in the discharge of that duty to act before the children disclosed any intention of crossing the street.

3. INSTRUCTIONS—*when rule requiring presentation of, at close of evidence, has no application.* A rule of court which requires instructions to be presented at the close of the taking of the evidence has no application, where an instruction has been presented in apt time, is examined by the court and then handed back to counsel, with the suggestion by the court that in its then form it was erroneous, who amends it and returns it to the court with the request that it be given as amended.

4. ORDINARY CARE—*must not submit to jury the question of duty to exercise.* The law casts the duty upon a person to use ordinary care not to injure another, and such question should not be submitted to the jury. Whether such duty has been performed, however, is a question to be determined by that tribunal.

FREEMAN, J., dissenting.

Action in case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. ROBERT W. WRIGHT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1906. Affirmed. Opinion filed November 8, 1907. Rehearing denied, opinion modified and refiled November 26, 1907.

**Statement by the Court.** This is an appeal by the defendant from a judgment for $4,000 recovered against it

by the plaintiff in an action on the case for personal injuries.

Defendant operated a double track electric street railway on Wallace street, a north and south street. The McClellan school, with about 1,300 pupils, was at the southeast corner of Wallace and Thirty-fifth streets. Plaintiff was a pupil at that school and lived with her parent at the southwest corner of Wallace and Thirty-third streets. Thirty-third is a quarter of a mile north of Thirty-fifth and no street crosses Wallace between those streets. On the day she was injured plaintiff, then a few months under seven years of age, attended the McClellan school until noon. When the pupils were dismissed for the noon recess plaintiff, with other children, started north on the sidewalk on the east side of Wallace. About midway between Thirty-fifth and Thirty-third, she started to cross Wallace street, going northwesterly, was struck by a north-bound car of defendant running on the east track, and received the injuries complained of.

WILLIAM J. HYNES, JAMES G. CONDON and C. LEROY BROWN, for appellant; MASON B. STARRING, of counsel.

H. J. TONER, for appellee; EDWARD MAHER, of counsel.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

The principal contention of appellant is that, "the judgment is not legally sustained by the evidence." As plaintiff was under seven years of age when injured, no question of contributory negligence on her part is involved. That she was struck by the car and seriously injured is not controverted. The question of the sufficiency of the evidence to sustain the verdict therefore turns upon the question whether from the evidence the jury might, as reasonable men, properly find that the defendant was guilty of negligence in the operation of the car. With the brake that was upon the car, to stop the car the motorman was required to throw off the power and set the brake. After he began to

set the brake it took two seconds to wind up the brake chain before the brake shoes began to take effect. The evidence for defendant is to the effect that the speed of the car was eight or nine miles per hour, and that with the car moving at that speed, with the brake chain entirely unwound, it could not be stopped within less than sixty-five feet.

We think that the jury might not properly find from the evidence that, with the car going at the rate of speed it was going, with the brake chain unwound, the motorman, from the time the plaintiff first showed an intention to cross Wallace street, could have stopped the car in time to avoid striking the plaintiff. The speed of the car was eight or nine miles per hour, and the brake chain entirely unwound when the motorman began his attempt to stop the car. He testified that he reduced the speed of the car to four miles per hour before it struck the plaintiff.

We think that the jury might from the evidence properly find that if the motorman in passing north from Thirty-fifth street had kept his car under control with a speed not exceeding four miles per hour and with the brake chain nearly wound up, he could have stopped the car after the plaintiff evinced a purpose to cross the street in time to avoid injuring her. The finding of negligence on the part of the motorman in the operation of the car, implied from the verdict, can be sustained, if it can be sustained at all, not upon the ground that the motorman did not use all the means in his power to stop the car after plaintiff started to cross the street in front of the car, but upon the ground that he was, under the conditions and circumstances shown by the evidence, negligent in attempting to pass by the children who were on the sidewalk without putting his car under control, reducing its speed and winding up the brake chain as nearly as he could without causing the brake shoes to operate. From the evidence the jury might properly find that as the car passed north from Thirty-fifth street there were on the sidewalk on the east side of Wallace street north of the car a large number of children between six and eight years of age, going north, who had just been dismissed from

the McClellan school, and that this was known to the motor-man in charge of the car.

Negligence is a question of fact. Whether to run a car on a public street at eight or nine miles per hour with the brake chain entirely unwound constitutes or does not con-stitute negligence, depends upon conditions and circum-stances. Such operation may amount to and constitute neg-ligence at a street crossing or in a crowded street of a great city and not be negligent upon an ordinary street. Com-mon experience teaches us that children of ten or younger run and play when released from school. Children under seven are held incapable of exercising any care for their own safety, and older children are bound to exercise only that degree of care which other children of their age and experience or-dinarily exercise. The real question is, we think, whether from the evidence the jury might, as reasonable men, find that the motorman should reasonably have anticipated the danger that a child, in play or otherwise, might leave the sidewalk and go upon the street and track in front of his car, for if the motorman should reasonably have anticipated the danger, then it became his duty to guard against such danger.

In determining this question the jury had the right to consider the facts and circumstances disclosed by the evi-dence, the number of children, their ages, the fact that they had just been dismissed from school, and also the knowl-edge of the jurors as men of the habits of children of such ages under such conditions and circumstances. The majority of the court are of the opinion that the jury might, as reason-able men, find from the evidence that the motorman should reasonably have anticipated the danger that a child might leave the sidewalk and go upon the street, and that his failure to anticipate such danger and to put his car under control, reduce its speed and wind up the brake chain as nearly as possibly without causing the brake shoes to operate before attempting to pass by the children on the sidewalk, amounted to and was negligence.

We find no reversible error in the rulings of the court upon questions of evidence.

The defendant, before the argument to the jury began, requested the court to give to the jury the following instruction:

"If you believe from the evidence in this case that while the defendant and its servants in charge of the north-bound car in question were, if they were, exercising ordinary care, the plaintiff at the time and place of injury in question suddenly and unexpectedly and without the knowledge of the defendant walked or ran out from the sidewalk or curb on the east side of Wallace street, across and upon or near to the defendant's north-bound track and thereby placed herself in a position of danger, then in order to charge the defendant with a duty to avoid injuring her, the plaintiff must show by a preponderance of the evidence in this case that the circumstances were of such a character that the defendant's said servant or servants had an opportunity to become conscious of facts giving rise to such duty and a reasonable opportunity in the exercise of ordinary care to perform such duty. And if you further believe from the evidence that the facts as shown by the evidence did not charge the defendant and its servants with a duty as thus defined or if you believe from the evidence that the defendant and its said servants did not have a reasonable opportunity in the exercise of ordinary care to perform such duty as thus defined, then you should find the defendant not guilty. And if you further believe from the evidence in this case that the plaintiff suddenly and unexpectedly walked or ran out from the sidewalk or curb on the east side of Wallace street across and upon or near the track in front of the defendant's car which occasioned the injury, and that the servant or servants in charge of such car did all that could be done in the exercise of ordinary care to avoid injuring and damaging her, then the plaintiff cannot recover in this case, and you should find the defendant not guilty."

The court refused to give said instruction and the defendant excepted. Thereupon the court, during the opening argument for the plaintiff, suggested to counsel for defend-

ant that said instruction was erroneous, and defendant's counsel then amended said instruction on its face by inserting the words "before and at the time of the accident" after the words "ordinary care" and before the words, "to avoid injuring," in the last sentence of said instruction, and requested the court to give said instruction as amended, which the court refused to do, marked the same "refused" and the defendant excepted.

The court in the bill of exceptions certifies that there was then in force the following rule of the Superior Court: "All instructions must be presented at the close of the taking of the evidence." We do not think this rule of court was applicable to the instruction as amended. The original instruction was presented in apt time, and when the court indicated an opinion that it was erroneous the rule did not prevent the defendant from amending the same in such manner as to meet the objections of the court thereto if possible. When so amended it was the duty of the court, notwithstanding the rule, to pass upon the instruction as amended. We are, however, of the opinion that both the original and the amended instruction were properly refused. The instruction begins with a statement of facts necessary to be shown to charge defendant, "with the duty to avoid injuring" the plaintiff, and then states that if the jury believe "that the facts as shown by the evidence did not charge the defendant with the duty as thus defined, * * * then you should find the defendant not guilty." The law imposed upon the defendant the duty to use reasonable care to avoid injuring the plaintiff, and the question for the jury was not as to the existence of that duty, but whether that duty was or was not performed by the defendant. Whether the defendant was bound reasonably to anticipate the danger of plaintiff leaving the sidewalk and attempting to cross the track in front of the car and guard against such danger, is a very different question from the question whether the defendant was bound to use reasonable care to avoid injuring the plaintiff.

It was held error to refuse the same instruction in C. U. T. Co. v. Browdy, 206 Ill., 615, and held not error to give

a similar instruction to Scanlan v. C. U. T. Co., 127 Ill. App., 406. In both cases apparently the words, "duty to avoid injuring" the plaintiff, were held to refer to and mean the duty of the motorman to stop his car so soon as the plaintiff showed an intention to go on the track. In the Browdy case the plaintiff suddenly turned upon the track in front of the car, and it was said (p. 618) : "the peril to appellee did not commence and become apparent until he turned upon the track. Then and not until then was the motorman required to act." In the Scanlan case the evidence for the defendant tended to show that the plaintiff, a girl eleven years old, ran suddenly across the track in front of the car, not at a street crossing, but at a point between crossings, and it was held that if she did so the "rule expressed in Rack v. Chicago City Ry. Co., 173 Ill., 289, is to be applied." In the Rack case, which was an appeal from a judgment on a directed verdict for the defendant, it was held that the fact that two small boys, one under five, stood in the roadway three feet from the curb, did not make it the duty of the motorman to stop or slow down his car until one of the boys showed an intention to cross the street. In this case, if no duty in respect to the control or operation of the car existed until the plaintiff disclosed an intention to cross the track in front of the car, the defendant was entitled to a peremptory instruction and the judgment should be here reversed with a finding of facts that the defendant was not guilty of any negligence.

The motorman was required to operate his car with reference to perils which reasonably might be expected to occur, and if from and because of the presence of so many young children on the sidewalk who had just been dismissed from school, the jury might, as reasonable men, find that the motorman should reasonably have anticipated the danger that any of such groups of children might run into the street and upon the track in front of the car, then a duty on his part in respect to the operation of the car existed, and he was required in the discharge of that duty to act before the plaintiff disclosed an intention to cross the street.

The instruction in question concludes as follows:

"And if you further believe from the evidence in this case that the plaintiff suddenly and unexpectedly walked or ran out from the sidewalk or curb on the east side of Wallace street across and upon or near to the track in front of the defendant's car which occasioned the injury and that the servant or servants in charge of such car did all that could be done in the exercise of ordinary care before and at the time of the accident, to avoid injuring and damaging her, then the plaintiff cannot recover in this case, and you should find the defendant not guilty."

No doubt the plaintiff ran suddenly and unexpectedly from the sidewalk into the street, but the question to be submitted to the jury was, in the opinion of the majority of the court, not whether the motorman did all in his power to stop the car after the plaintiff so ran into the street, but whether from the conditions and circumstances shown by the evidence, he should reasonably have anticipated the danger that one of the children on the sidewalk would run into the street, and operate his car with reference to such danger. The majority of the court are of the opinion that under the evidence the instruction was properly refused.

If the danger that a child should go upon the track in front of the car was not, under the conditions and circumstances shown by the evidence, a danger that the motorman should reasonably have anticipated, then the accident was unavoidable and the jury were told by the 14th instruction that "if the accident was unavoidable so far as the defendant was concerned," the jury should find the defendant not guilty.

As to plaintiff's instruction 2, it is sufficient to say that it was held proper in C. C. Ry. Co. v. Tuohy, 196 Ill., 410.

In the opinion of the majority of the court the record is free from reversible error, and the judgment of the Superior Court will be affirmed.

*Affirmed.*

Mr. Justice Freeman dissenting.