Casey, Admr. v. Chicago Traction Co., 174 Ill. App. 51.

John D. Casey, Administrator, Plaintiff in Error, v. Chicago Consolidated Traction Company, Defendant in Error.

### Gen. No. 16,714.

1. STREET RAILROADS—*care required of motorman correct.* In an action against a street railway company for alleged wrongful killing of a child three years of age, struck by a car, instructions are not objectionable as expressing a rule inapplicable to a child of three years, but are correct where they require the jury to find from the evidence whether the car was being driven with reasonable care and state that if so driven it was not the motorman's duty to stop or slacken speed merely because he saw the child in the street, unless her conduct was such as to indicate to an ordinarily prudent man that she was about to come upon the tracks, and that defendant should be found not guilty if from the evidence and instructions they find that the motorman as soon as he knew, or by ordinary care could have known deceased was about to come upon the tracks, exercised the care expected of one of ordinary coolness under similar circumstances, or if the deceased ran in the way of the car so suddenly that the motorman had no such notice as to give an opportunity to avoid the danger by exercising such care.

2. STREET RAILROADS—*instructions.* A provision in an instruction requiring a motorman to exercise the care "possessed by a man of ordinary prudence" is preferable to a requirement of "ordinary coolness," but the latter is not misleading.

Action in case for death caused by alleged wrongful act. Error to the Superior Court of Cook county; the HON. HOMER ABBOTT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed October 16, 1912.

JOHNSON, BELASCO & McCABE, for plaintiff in error; JOEL BAKER, of counsel.

JOHN A. ROSE and FRANK L. KRIETE, for defendant in error; W. W. GURLEY, of counsel.

MR. JUSTICE BAUME delivered the opinion of the court.

In a suit instituted in the Superior Court by plaintiff in error against defendant in error to recover damages for the alleged wrongful killing of Jadwiga

Poduch, a child of the age of three years, there was a verdict in favor of defendant in error and judgment against plaintiff in error for costs, to reverse which judgment this writ of error is prosecuted.

The declaration charges that on April 21, 1906, defendant in error so carelessly and negligently managed and operated its street car on Elston avenue at and near the intersection of Elston avenue and Binzo street that it struck the deceased and thereby caused her death.

Elston avenue runs northwest and southeast and 400 feet south of Fullerton avenue is intersected by Kuehl Place, and 400 feet south of Kuehl Place is intersected by Binzo street. Neither of said two last named streets are projected east of Elston avenue. About 100 feet north of Binzo street an alley projects east from Elston avenue. At the time in question defendant in error operated electric cars on Elston avenue, using the east track for north bound cars and the west track for south bound cars. The deceased was struck and killed by a south bound car at a point a short distance north of the alley between Kuehl Place and Binzo street. The accident occurred at about 5:30 o'clock in the afternoon. Proceeding south from Fullerton avenue, the cars, a motor and a trailer, did not stop at Kuehl Place, and the deceased was then standing unattended on the curb on the west side of Elston avenue, looking west. The evidence is conflicting as to the speed at which the cars were running and also as to the distance that intervened between the cars, as they ran south, and the deceased at the instant that she left the curb and started to run across the south bound track. It is not claimed by plaintiff in error that the cars were running at a speed in excess of that permitted by the ordinance. The evidence of the motorman and of two apparently disinterested witnesses, who were standing on the front platform of the motor car and were in a better position to observe what actually occurred than any of the other witnesses who

testified in the case, tends to show that, when the cars had attained a speed of from eight to ten miles an hour and were within about 60 feet of the deceased, she suddenly left the curb and ran across the street in front of the approaching cars, where she was struck by the motor car; that as soon as the motorman observed the movements of the deceased he made every possible effort to stop the cars by a proper use of the appliances provided for that purpose in order to avoid injuring the deceased. The jury were not unwarranted in finding that the cars were managed and operated with reasonable care, and that the injury to the deceased was unavoidable. It is not claimed that the cars were not provided with sufficient and efficient brakes.

At the instance of defendant in error the court gave to the jury the following, among other, instructions:

"If you believe from the evidence under the instructions of the court that at the time and place in question said car was being operated and driven with due care, then it did not become the duty of the motorman to stop said car or slacken its speed merely because he may have seen deceased in the street, unless the conduct of deceased was such as to indicate to an ordinarily prudent and cautious person that she was about to come upon or cross the said tracks, and if you believe from the evidence under the instructions of the court, that the motorman of said car as soon as he knew, or by the exercise of ordinary care could have known, that deceased was about to come upon or cross said tracks, exercised such care to avoid injuring deceased as is to be expected of a man of ordinary coolness under similar circumstances, then you should find the defendant not guilty."

"If the jury believe from the evidence under the instructions of the court, that in approaching the place in question the car was being operated with ordinary care, and that the deceased ran in the way of the car so suddenly that the motorman had no such notice of any danger to the deceased as to give him an opportunity to avoid the danger by the exercise of such ordi-

nary care as is to be expected of a man of ordinary coolness under such circumstances as were then surrounding him, then the court instructs the jury to find the defendant not guilty.''

It is insisted by plaintiff in error that while the doctrine sought to be announced in these instructions might be applicable to an adult or to a child over seven years of age, it has no application to a child of the age of three years, and in support of such insistence counsel rely upon the language of the court in Chicago City Ry. Co. v. Hackett, 136 Ill. App. 594, as follows:

''The motorman was required to operate his car with reference to perils which reasonably might be expected to occur, and if from and because of the presence of so many young children on the sidewalk who had just been dismissed from school, the jury might, as reasonable men, find that the motorman should reasonably have anticipated the danger that any of such groups of children might run into the street and upon the track in front of the car, then a duty on his part in respect to the operation of the car existed, and he was required in the discharge of that duty to act before the plaintiff disclosed an intention to cross the street.''

What was there said by the court is not controlling here, because the facts in the two cases are variant. In that case, several hundred children, many of them under six years of age, had just been dismissed from school and were romping and playing upon the sidewalk. Furthermore, the evidence in that case tended to show that the brake-chain was in improper condition. In the case at bar, the deceased was alone and when first seen and until she hurriedly started to cross the street was standing quietly on the curb.

It will be observed that the instructions in question require the jury to find from the evidence in the first instance that at the time in question the said car was being operated and driven with reasonable care. The instructions, therefore, do not assume that the motor-

man operated and drove the car with reasonable care.

In Rack v. Chicago City Ry. Co., 173 Ill. 289, where a boy four years and seven months old was injured under somewhat like circumstances, it was held that until the boy indicated an intention to cross the track the gripman was not required to stop or slacken the speed of his train, and that if upon seeing the boy start to run across the track the gripman stopped the train as soon as possible the defendant was not chargeable with negligence, in the absence of any claim that the train was not properly equipped with brakes.

In Perryman v. Chicago City Ry. Co., 242 Ill. 269, which involved an injury to a boy about four years of age, it was said:

"It must be admitted that if the plaintiff was standing still a sufficient distance from the tracks to enable the cars to pass him without coming in contact with him, and there was nothing in his action which indicated to the gripman that he was about to attempt to cross the tracks in front of the approaching cars, and that without warning to the gripman he suddenly and unexpectedly started to cross the tracks in front of the approaching cars and was injured, there could be no recovery. Rack v. Chicago City Ry. Co., 173 Ill. 289."

In this case, the instructions complained of were in accord with the rule announced in the Rack and Perryman cases, *supra,* and are not subject to the objection above stated.

It is further urged against said instructions that they erroneously state the degree of care required to be exercised by the motorman to avoid injuring the deceased, as such care "as is to be expected of a man of ordinary coolness under similar circumstances," instead of such care "as is possessed by a man of ordinary prudence" under similar circumstances. While the latter form of expression is to be preferred, we are not disposed to conclude that the jury were misled or misinformed by the form of expression adopted.

The objection to what is designated as the "third instruction," given at the request of defendant in error, has no substantial basis.

The form of the instruction, given at the instance of defendant in error, relating to the measure of damages to be applied in the event that the jury found defendant in error guilty of the negligence charged, is not to be commended, but in view of the verdict a discussion of the instruction is unnecessary.

There is no reversible error in the record and the judgment is affirmed.

*Judgment affirmed.*