THE CHICAGO, PADUCAH AND MEMPHIS RAILROAD CO.

*v.*

B. W. MITCHELL.

*Filed at Mt. Vernon January 20, 1896.*

1. CONDEMNATION—*damages in, are for the jury.* The verdict of a jury in condemnation, based on the evidence heard and knowledge obtained from viewing the premises, will stand, particularly where it is consistent with the weight of the testimony.

2. EVIDENCE—*in condemnation—opinion of witness as to market value.* A witness may give his opinion of the market value of land condemned, "taking it as a part of the entire tract."

3. INSTRUCTIONS—*practice of giving numerous instructions condemned.* The giving of numerous instructions, where the issues are simple, tends to confuse the jury, and the practice is disapproved.

APPEAL from the County Court of Jefferson county; the Hon. WILLIAM T. PACE, Judge, presiding.

NORMAN H. MOSS, and C. H. PATTON, for appellant.

GEORGE B. LEONARD, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Appellant filed its petition in the county court of Jefferson county to condemn a right of way across appellee's land. The jury fixed the compensation for land taken (1.13 acres) at $38.20, and damages to land not taken $93, —in all, $131.20. After denying petitioner's motion for a new trial the court entered judgment on the verdict, and the petitioner appeals.

The sole contention of appellant is that the verdict is excessive. The jury viewed the premises, and at the instance of the petitioner was instructed that in making their verdict they should proceed upon the knowledge thus obtained, together with a consideration of all the evidence, including the opinions of witnesses introduced, and that they were not bound to take them as true or accept them as conclusive, "but should exercise their own judgment, upon consideration of all the evidence in the case and their view." The evidence was conflicting. There is no such preponderance against the verdict as called upon the court to set it aside, especially under the foregoing instruction, which is in conformity with the decisions of this court. In fact, the verdict is consistent, as we think, with the weight of the testimony.

It is objected that a witness was allowed to give his opinion of the market value of the land taken, "taking it as a part of the entire tract." There is no merit in the objection. *Chicago and Evanston Railroad Co.* v. *Blake*, 116 Ill. 163.

The court gave twelve instructions at the instance of the petitioner and refused six. It is insisted that those refused should have been given. We do not think so, but rather that most of those given should also have been refused because wholly unnecessary to properly present the law of the case to the jury. For the same reason many of the nineteen given for defendant should also have been refused. The issue submitted to the jury was very simple and the law of the case susceptible of being announced in a few brief instructions. The giving of so large a number on either side would naturally tend to confuse, rather than enlighten, the jury.

The judgment of the county court is, in our view, supported by the evidence in the case, and will be affirmed.

*Judgment affirmed.*