THE CHICAGO UNION TRACTION COMPANY

*v.*

LOUISA OLSEN.

*Opinion filed October 24, 1904.*

1. INSTRUCTIONS—*error in limiting number of instructions must be prejudicial to reverse.* Error in arbitrarily limiting the number of instructions to be given is not ground for reversal unless it operates to exclude an instruction which the party was entitled to have.

2. NEGLIGENCE—*whether a passenger was negligent in stepping from moving car is not a question of law.* Whether a passenger was guilty of contributory negligence in attempting to alight from or board a moving car is a question of fact under the surrounding circumstances, and not a question of law for the court.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

JOHN A. ROSE, (W. W. GURLEY, of counsel,) for appellant.

OSCAR M. TORRISON, and HALLIE C. ELLIS, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The judgment entered in the superior court of Cook county in the sum of $7500 in favor of the appellee and against the appellant company, in an action on the case brought by the appellee to recover damages arising from personal injuries received by her through, as she alleged, the negligence of the appellant company, was affirmed in the Appellate Court for the First District on appeal, and the record is before us on the further appeal of the company.

The errors relied on for reversal are, (1) refusal of the trial court to consider and pass upon all the instructions requested by the defendant company; and (2) refusing the eighteenth, nineteenth and twentieth instructions asked in the same behalf.

It appears that the trial court, during the hearing, on its own motion entered an order limiting the instructions to be asked by either party to fifteen in number. In enforcing this order the court refused to receive or consider instructions numbered 14, 17, 18, 19, 20 and 21 tendered in behalf of the appellant company. It was error to arbitrarily restrict the number of instructions to be asked by the parties or given to the jury. (*Chicago City Railway Co.* v. *Sandusky,* 198 Ill. 400.) It is to be determined, however, whether the order adopted by the court operated to deprive the appellant company of any instruction which it was entitled to have given to the jury. If not so prejudicial the error is not reversible in character. (*Chicago City Railway Co.* v. *Sandusky, supra.*) The complaint is, that the said instructions numbered 18, 19 and 20 correctly stated the issues raised by the pleadings, and that such issues were not stated in any other of the instructions that were given.

The three instructions under consideration purported to recite or state the allegations, respectively, of the three counts of the declaration. Instruction No. 20 advised the jury that the first count in the declaration alleged that the appellee was a passenger on one of the trains operated by the appellant company; that the train came to a stop "to allow the plaintiff to alight, and while the plaintiff, with all due care and diligence, was then and there about to alight from said train, and before she had alighted and before she had a reasonable opportunity to alight, the defendant negligently and carelessly caused such train to be suddenly started and moved, whereby the plaintiff was thrown down and injured, as alleged in said first count." Instruction No. 19 told the jury that the second count in the declaration charged that the train was caused to stop, and was negligently and carelessly suddenly put in motion while the appellee was attempting, with all due care and diligence, to alight, and she was thereby thrown upon the street and injured. Instruction No. 18 advised the jury as to the allegations of the third count, which were, in all material respects, the same as those of the second count. It will be observed that the negligence charged in each of the several counts of the declaration, as recited or stated in the instructions under consideration, is the same, namely, that the appellant company negligently and suddenly started the train.

Instruction No. 14 given at the request of the appellant company fully advised the jury as to the issue of negligence on which, under the declaration, the right of recovery was based. It read as follows:

"The burden of proof is not upon the defendant to show how the plaintiff came to fall. If the preponderance of the evidence does not show that she fell by reason of the car being negligently and suddenly started and moved, in manner and form as charged in the declaration or some count thereof, then the plaintiff has failed to make out her case under the declaration in this case."

211—17

The issue, so far as it related to the alleged negligence of the appellant company, was clearly and succinctly made known to the jury by this instruction.

Instructions Nos. 7, 8 and 9, which were given to the jury, stated the principles applicable to the defense that the appellee had failed to use ordinary care for her own safety.

Instruction No. 11, given at the request of the appellant company, was more favorable to the cause of the appellant company than the law warranted. It erroneously charged the jury that if they believed, from the evidence, that "the plaintiff attempted to alight from the car in question before the same came to a stop and while the same was in motion, then the court instructs the jury that the plaintiff cannot recover in this action." Whether a passenger is guilty of contributory negligence in attempting to board or alight from a moving car or train is a question of fact for the jury to determine in view of all the attending and surrounding circumstances, and not a question of law for the decision of the court. (*Chicago and Alton Railroad Co.* v. *Byrum,* 153 Ill. 131; 3 Thompson on Negligence, secs. 3015, 3565.) The issues were whether the plaintiff, while exercising due care and diligence, was alighting from the car after it had come to a stop and was thrown off by the negligence of the defendant in suddenly starting the car before she had time to alight, or whether she attempted to get off the car while it was in motion, before it had come to a stop, and was guilty of a lack of ordinary care in so doing. These issues were clearly and comprehensively stated to the jury in the instructions, and the appellant company was in nowise prejudiced by the ruling and action of the court in the matter of instructing the jury.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*