## THE CHICAGO UNION TRACTION COMPANY

### *v.*

### HENRY HAMPE.

*Opinion filed June 19, 1907—Rehearing denied October 9, 1907.*

1. PLEADING—*what constitutes a fatal variance.* In the absence of amendment there is a fatal variance where the declaration avers that defendant's car "struck with great force and violence" against a wagon, whereby the plaintiff "was thrown with great force and violence" to the ground and thereby received his injuries, but there is no proof that the plaintiff was thrown to the ground by the collision, the uncontradicted evidence being that he stepped off or was pushed off the car before the collision occurred.

2. INSTRUCTIONS—*instruction as to determining preponderance should leave jury free to consider all the evidence.* An instruction to the jury upon the question of determining the preponderance of the evidence may enumerate the elements which they may consider, but they should be left free to consider all the evidence and all the facts and circumstances shown upon the trial.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. A. H. CHETLAIN, Judge, presiding.

This is an appeal from the judgment of the Appellate Court for the First District affirming a judgment of the superior court of Cook county against appellant, a street railway company, recovered by appellee in an action on the case for personal injuries.

The declaration consisted of but one count, which alleged, among other things, that by reason of the negligence of appellant in the management and operation of a street car, said car struck with great force and violence against and collided with a certain wagon then and there on the tracks of defendant, "whereby the plaintiff, who was then and there in the exercise of due care and caution for his own safety, was thrown with great force and violence from said car down upon the ground there, and thereby and because thereof" sustained the injuries complained of. The general issue was interposed.

At the close of all the evidence the appellant presented a motion in writing to the court to exclude all the evidence from the jury and direct a verdict of not guilty, pointing out as ground for said motion an alleged variance between the *narr.* and the proof.

From the evidence it appears that on the morning of November 3, 1902, appellee was a passenger on one of appellant's trains, composed of two cars, running south on Western avenue, in the city of Chicago, which collided with a heavy wagon loaded with asphalt. Western avenue intersects Erie street, Ohio street and Grand avenue from north to south, in the order named. The track from Erie street to the place where the accident occurred is considerably down-grade and at the time of the accident was wet and slippery. The train was badly crowded and appellee was compelled to stand on the front platform of the front car. When the train arrived at Erie street the motorman in charge noticed the wagon with which he afterward collided, headed north, standing on the track in front of him, midway between Ohio street and Grand avenue, a block and a half away. As soon as the train left Erie street he applied the brakes and sanded the tracks, and soon afterward reversed the current, but failed to stop the train before it reached the wagon. Before the train struck the wagon the motorman shouted to the passengers on the front platform

to get off the car. Immediately after the accident the appellee was found lying in the street, unconscious and severely injured.

The errors assigned and urged as grounds for the reversal of this judgment are: First, there was a fatal variance between the allegations of the declaration and the proof, wherefore a verdict for defendant should have been directed; second, the court erred in passing on instructions; third, the court erred in its rulings on objections to evidence offered.

John A. Rose, and Albert M. Cross, (W. W. Gurley, of counsel,) for appellant.

Henry R. Rathbone, for appellee.

Mr. Justice Scott delivered the opinion of the court:

Was there a fatal variance between the averment of the declaration and the proof? The averment is, that the "car struck with great force and violence against" the wagon, whereby the plaintiff "was thrown with great force and violence" upon the ground, and thereby received the injuries of which he complains. There is in this record no evidence whatever which shows that appellee was thrown from the car by the collision. There is evidence of several witnesses, which is uncontradicted, to the effect that appellee stepped from the car or was pushed off the car by other passengers before the collision. The testimony of these witnesses varies as to the distance the car was from the point of the collision when plaintiff stepped or was pushed therefrom, the least distance fixed being "thirty or thirty-five feet." Appellee first testified that he was standing behind some men upon the platform of the car; that he heard some "awful hollering;" that the next thing he knew he was at home in bed and in great pain. At the close of all the evidence defendant moved for a peremptory instruction on the

ground that there was a variance between the declaration and the proof. After this motion was argued the court denied it and permitted appellee to testify further. His counsel then asked him, "From the time you got on the car did you get off the car at all?" to which he answered "No." That answer was stricken out by the court. Another question was asked and objection thereto was overruled. No answer to that question was obtained, but counsel for appellee then said, "The question is whether any one pushed you off that car that you know of," and appellee answered, "I could not tell you." The evidence was then closed and appellant renewed its motion, which was again overruled.

The evidence of appellee, as well as that of other witnesses upon which he relies, is entirely consistent with the theory that he was pushed from the car before the collision occurred. It is also entirely consistent with the theory that he did not leave the car until the moment of the impact, but we do not think this evidence, with the inferences reasonably to be drawn therefrom, tends to prove that he was thrown from the car by the collision.

"It cannot be said that the existence of a certain fact may reasonably be inferred from the evidence when the existence of another fact inconsistent with the first can be, from the same evidence, inferred with equal certainty. The evidence must point to the existence of some particular fact, rather than to the existence of another fact inconsistent with the first, before it can be said that such evidence alone tends to prove the existence of the first." *Condon* v. *Schoenfeld,* 214 Ill. 226.

In the case of *Wabash Railroad Co.* v. *Billings,* 212 Ill. 37, it was averred that the plaintiff's buggy was struck by the train and he was "then and there" thrown out and injured, while the proof was that he was not thrown from the buggy until the horse had run about one hundred feet from the point of collision, when he was thrown out in passing over a curbing in the street. The variance was held

to be fatal, for the reason that the allegations of a declaration descriptive of what is material, even though unnecessary, must be proved as stated, unless the variance is waived by the defendant or cured by an amendment of the pleading. In the case at bar, in the absence of an amendment to the declaration, a verdict for defendant should have been directed.

The fifth instruction for the plaintiff advised the jury, in determining upon which side the preponderance of evidence is, "the jury should take into consideration," and then followed an enumeration of various matters proper to be considered by the jury, omitting, however, any reference to the number of witnesses testifying pro and con, and then concluded, "and from all these circumstances determine upon which side is the weight or preponderance of the evidence." This instruction directed the jury to determine the matter of preponderance from the elements mentioned in that instruction. It omitted one very important consideration, and for that reason should have been refused. It is doubtful whether an instruction of this character should, in any case, limit the jury to the consideration of matters particularly and specifically mentioned and pointed out in the instruction. It is proper to enumerate elements which they may consider, but they should always be left free to consider all the evidence introduced and all the facts and circumstances shown upon the trial, in determining the crucial question as to where lies the greater weight of the proof.

Other errors assigned are without merit.

The judgment of the superior court and the judgment of the Appellate Court will be reversed and the cause will be remanded to the superior court for further proceedings consistent with the views herein expressed.

*Reversed and remanded.*