JAMES LYONS, Appellee, *vs.* JOSEPH T. RYERSON & SON, Appellant.

*Opinion filed December 22, 1909.*

1. TRIAL—*when question whether plaintiff was injured while doing something not a part of his duties is for the jury.* Whether the plaintiff's injury was caused by his leaving his work of repairing a foundry track to block the wheel of a truck loaded with angle-iron, which tipped over upon him, is a question of fact for the jury where the evidence upon the question is conflicting.

2. FELLOW-SERVANTS—*fellow-servant rule stated.* To constitute co-employees fellow-servants they must be directly co-operating with each other in a particular business as distinguished from indirect co-operation in the master's general business, or their usual duties must be such as to bring them into habitual association, so that they may exercise a mutual influence upon each other promotive of proper caution.

3. SAME—*what does not, as a matter of law, show co-operation in particular business.* Uncontradicted evidence that the plaintiff was working at track repair work near other servants who were engaged in loading angle-iron, does not, as a matter of law, show co-operation in a particular business, where the evidence is conflicting as to whether the plaintiff had anything to do with loading the angle-iron and whether the other servants had anything to do with the track repair work.

4. NEGLIGENCE—*recovery cannot be had for negligence not alleged in declaration.* If there is no allegation in the declaration that the master was negligent in allowing a crane to be operated by an inexperienced servant no recovery can be had upon that ground, though there is evidence tending to show such negligence.

5. INSTRUCTIONS—*when giving correct abstract instruction is error.* It is error to give an instruction stating in abstract form

the correct rule that where a servant's injury is caused by the combined negligence of a fellow-servant and the master the latter is liable if the negligence of neither was the efficient cause of the injury, where the facts are such that the jury might believe they could hold the master liable for negligence in employing inexperienced servants, which was not charged in the declaration.

6. SAME—*when instruction as to preponderance of evidence is misleading.* An instruction for the plaintiff stating that the preponderance of evidence "is not, alone, necessarily determined by the number of witnesses," and which then enumerates the elements to be considered by the jury but omits the element of the number of witnesses testifying for and against the party, is misleading, where the plaintiff's case rested largely on his own testimony and more witnesses testified for the defendant than for the plaintiff.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding. .

H. B. BALE, and MORSE IVES, for appellant.

RICE & O'NEIL, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an action on the case brought in the superior court of Cook county by appellee, against appellant, for personal injuries. The declaration consisted of one count, and alleged that on July 2, 1905, appellee was -in the employ of appellant as a common laborer, and while in the exercise of due care for his own safety was engaged in repairing a certain railroad track in appellant's machine shop, near a car upon which the appellant was loading a large amount of iron, about five thousand pounds, by means of a traveling crane; that appellant so carelessly and negligently loaded said iron on said car and so negligently manipulated said traveling crane that a chain attached to said crane became entangled with said iron and car and lifted up and tilted the said car and the iron thereon over and

upon appellee, injuring his foot and ankle, etc.   Trial before a jury resulted in a verdict of $2500, on which judgment was entered.   On appeal to the Appellate Court that judgment was affirmed, and this appeal follows.

The appellant corporation owned a machine shop or structural iron factory located at Rockwell and Sixteenth streets, in Chicago.   The building was divided into two sections by a partition running north and south, which separated the building into an east and west room, between which was a door from eight to twelve feet wide.   There were skids or tracks in both rooms, one track running through the door above mentioned, on which ran a truck for carrying iron.   Iron was transferred from different parts of the building by means of an electric traveling crane running overhead and operated by a craneman in an overhead cage.   A chain lowered from the crane was attached to the iron which it was wished to move, and when the iron was deposited where desired the chain was unhooked, and on a signal given to the craneman the slack of the chain was taken up.   Appellee's regular and ordinary duty in the machine shop was to chip from the beams manufactured in the factory the irregularities or burrs left in cutting them and then to pile the beams together on the skids.   Appellee testified that on the day of the accident he was directed by appellant to do some repair work on the track running between these two rooms, replacing some of the rails in that part of the track just inside the west room, near the door; that just previous to the accident a quantity of angle-iron had been transferred from a point in the west room some distance from where appellee was working, to a truck standing about twenty feet or less west of where appellee then was and on the same track that he was repairing; that a little time after the iron had been so deposited on the truck he noticed that the truck was slightly moving, there being a slight incline in the track, and that to keep it from running to where he was repair-

ing the track he blocked the wheels and then went back to his work; that shortly thereafter the load of iron on the truck tipped over and fell upon him, causing a severe injury to his foot and also injuring a finger; that he had nothing to do with the loading of the iron onto the truck or taking the chains from the load after it was lowered to the truck, and that his work had no connection with that of the man who operated the crane or the men who were associated with the craneman in putting the iron onto the truck and loosening the chain therefrom. The foreman who was in charge of the work on that day testified for appellant that appellee and the other men who were working with the crane were instructed by him to repair the tracks and get out the orders for angle-iron, and that he did not give any particular orders to any one of the men as to which should get out the orders and which should repair the tracks. Three witnesses testified for appellant with reference to what appellee did just before the accident. Two of them testified that just before the accident appellee handled the chain that was used in hoisting the iron onto the truck, one of them saying that Lyons was one of the men who helped loosen the chain. The third of these witnesses saw the appellee standing near the track shortly before the chain was unloosed. Witness Evert, who testified for appellee, stated that the latter had nothing to do with the chain. He admitted, however, that he had said, only a few days before the trial, that appellee was one of the persons who loosened the chain after the iron was put upon the truck, and that he had also signed a statement to that effect, but that he now saw he was mistaken. He gave no reason as to why he thought he was mistaken in his original statement. This same witness testified that the craneman, Kelly, was an inexperienced man in that work. There was other testimony in the record tending to show that Kelly was inexperienced as a craneman, while the foreman stated that Kelly had frequently

operated the crane. The evidence tends to show, and it seems to be conceded by both the parties, that the iron tipped over because it was caught and pulled by the chain connected with the crane as the craneman was taking in the slack of the chain. Kelly, the craneman, did not testify, as he could not be found by either party at the time of the trial.

It is insisted by appellant that the evidence shows that appellee was injured because he went near the truck for the purpose of blocking the wheel, and that according to the testimony this was not a part of his duty; that appellant's obligation to furnish a safe place to work did not extend to places where appellee's duties did not require him to go. The evidence is in conflict as to whether appellee's injury was caused by his being near the truck at the time it tipped over and the iron fell, for the purpose of putting a block under the wheel. The contention of appellee is that he was working at his regular duties, repairing the track, when the iron fell, and that going near the truck to block the wheel had nothing to do with his being injured. On this state of the evidence the question whether his being near the truck for the purpose of putting in the block contributed to his injury was for the jury, under proper instructions. (*Chicago, Burlington and Quincy Railroad Co. v. Camper,* 199 Ill. 569.) No question of law has been raised on this point, either with reference to the instructions or the admission of evidence, hence we are not required to consider the question of law whether or not the appellee could recover if his injuries occurred because he was in a place where his duties did not require him to go.

It is further contended that the appellee was a fellow-servant of the craneman and those who were working with Kelly in loading the angle-iron onto the truck. It has long been the settled law of this State that the servants of a common master, to be co-employees so as to exempt the master from liability on account of injuries sustained by

one resulting from the negligence of the other, must be directly co-operating with each other in a particular business, as distinct from indirect co-operation of the general business of the master, or that their usual duties must bring them into habitual association so that they may exercise a mutual influence upon each other promotive of proper caution. (*Hartley* v. *Chicago and Alton Railroad Co.* 197 Ill. 440; *Chicago and Eastern Illinois Railroad Co.* v. *White,* 209 id. 124; *Chicago and Alton Railroad Co.* v. *O'Brien,* 155 id. 630; *Chicago and Alton Railroad Co.* v. *Wise,* 206 id. 453.) There is evidence tending to show that appellee was co-operating with others in the particular business of the master,—that is, in repairing the tracks and loading this angle-iron. Appellee's testimony is to the contrary, denying that he had anything to do with the loading of the iron and asserting that the other men were not assisting him in repairing the tracks. On this state of the record it cannot be said, as a matter of law, that the evidence is of such a nature that all reasonable minds would reach the same conclusion as to whether appellee was a fellow-servant under the first branch of this rule. Does the fact that the evidence shows, without contradiction, that appellee was working near these men on the date in question make them fellow-servants, as a matter of law, under the second branch of the rule? We are inclined to think, on the facts as heretofore stated, that this court cannot so hold. (*Gathman* v. *City of Chicago,* 236 Ill. 9; *National Enameling Co.* v. *McCorkle,* 219 id. 557.) Under both branches of the rule, therefore, the question was one of fact to be submitted to the jury.

Appellant further argues that the trial court committed reversible error in the instructions given for the appellee. The first instruction complained of reads:

"The jury are instructed that where the negligence of the master is combined with the negligence of a fellow-

servant in producing the injury, and the negligence of neither is alone the efficient cause, the master is liable."

One of the chief arguments of appellee is that the evidence does not show that he was a fellow-servant of the craneman and others who were loading the angle-iron onto the truck. The only negligence alleged in the declaration is the negligence in loading the angle-iron and manipulating the crane. If these men that were doing this work were fellow-servants of the appellee, then, under the allegations of the declaration, no recovery could be had. No other negligence of the master is charged in the declaration except the negligence of these men whom this instruction assumes the jury might find were fellow-servants. There is evidence tending to show that the master was negligent in allowing the crane to be operated by an inexperienced craneman, but this negligence is not charged in the declaration. It is a fundamental rule of pleading that recovery can only be had on the negligence charged in the declaration. (*Peterson* v. *Sears, Roebuck & Co. ante,* p. 38, and cases there cited.) Appellant argues that this instruction might lead the jury to think that the master was negligent in hiring Kelly. Appellee's answer to this is, that they could not have been misled in that manner, because an instruction was given for appellant which said, in terms, there could be no recovery for negligence in employing an inexperienced servant. The evidence was sharply conflicting as to whether appellee was a fellow-servant of the men who were engaged in loading the iron onto the truck. The evidence on the controverted facts was of such a nature that the Appellate Court, while not reversing the case, stated that in their opinion the proof was in such an unsatisfactory condition that to their minds it was more "in consonance with a verdict for the defendant than plaintiff, and although were we the jurors such would have been our conclusion on this disputed evidence, still the jurors' advantage from seeing the witnesses, observing their manner

when testifying, being so much better," the Appellate Court concluded that they would not reverse the case.

The conclusions that we have reached will require a retrial of this cause, and hence we should not give an opinion as to the weight of the evidence. It is manifest, however, from what has been stated, that under repeated decisions of this court the evidence was so conflicting that it was particularly important that the instructions should be accurate. (*Illinois Central Railroad Co.* v. *Maffit,* 67 Ill. 431; *Shaw* v. *People,* 81· id. 150; *Holloway* v. *Johnson,* 129 id. 367; *Swan* v. *People,* 98 id. 610; *Miller* v. *People,* 229 id. 376.) An instruction directing the attention of the jury to an element of liability not shown by the pleadings or evidence in the case is calculated to mislead and is erroneous. *Chicago and Alton Railroad Co.* v. *Robinson,* 106 Ill. 142.

But it is said by appellee that this instruction states a correct proposition of law under the rule laid down by this court in *Chicago and Alton Railroad Co.* v. *Wise, supra, Missouri Malleable Iron Co.* v. *Dillon,* 206 Ill. 145, and *Roebling Construction Co.* v. *Thompson,* 229 id. 42; and it is further argued that it not only lays down a correct principle of law, but that it is abstract in its nature and could not have misled the jury. It is elementary that all instructions to the jury should be based upon evidence; that it is not error to refuse an instruction which announces a mere abstract principle of law not suggested or warranted by the evidence; but this court has held that the giving of such an instruction is error where it has a tendency to mislead the jury. (*United States Rolling Stock Co.* v. *Wilder,* 116 Ill. 100; *Montag* v. *People,* 141 id. 75.) On the state of the evidence as to the craneman being incompetent, the jury might have concluded that they were as much entitled to follow this instruction as to follow the instruction given for appellant which stated that the company could not be held for such negligence. In a case

where the evidence was conflicting this court has said that the fact that the law is accurately stated by the instructions given for one party will not obviate errors in the instructions for the other party. (*Illinois Central Railroad Co. v. Maffit, supra.*) Furthermore, as we have already suggested, this instruction assumed that appellee was a fellow-servant with those who were loading the iron onto the truck, and the jury would almost certainly conclude by the giving of this instruction that the court thought that the master was negligent in some manner other than through the negligence of these men. It was erroneous in failing to confine the recovery to the particular negligence charged in the declaration. *Ratner* v. *Chicago City Railway Co.* 233 Ill. 169, and cases there cited.

It is further contended by the appellant that instruction No. 2 given for appellee did not state a correct principle of law. It advised the jury that the preponderance in a case "is not alone necessarily determined by the number of witnesses," and then follows an enumeration of the matters proper to be considered by the jury, omitting, however, the number of witnesses testifying for and against. In *Chicago Union Traction Co.* v. *Hampe,* 228 Ill. 346, and *Elgin, Joliet and Eastern Railway Co.* v. *Lawlor,* 229 id. 621, it was held that a similar instruction should not have omitted this element. In view of the fact that the appellee's case rested very largely upon his own testimony and that more witnesses testified for appellant than for himself, this instruction might have misled the jury on this point.

For the errors indicated the judgment of the superior court and the judgment of the Appellate Court will be reversed and the cause remanded to the superior court for further proceedings in conformity with the views herein expressed.    *Reversed and remanded.*