## Anton Wesolowsky, Defendant in Error, v. John Twarog, Plaintiff in Error.

## Gen. No. 16,806.

1. CONTRACTS—*when admission of parol testimony will not reverse.* The admission of evidence as to what was a part of the written contract in evidence will not reverse.

2. CONTRACTS—*what merged in writing.* Conversations had before executing a contract in suit or at the time of executing the same are merged in the written instrument.

3. EVIDENCE—*when questions do not call for conclusions. Held,* that the question "When did he order that done?" among others set forth in the opinion, did not call for conclusions.

4. INSTRUCTIONS—*when upon preponderance of evidence will not reverse. Held,* in this case, that an instruction upon what should be considered in determining the preponderance of the evidence, in omitting the element of the number of witnesses testifying upon the respective sides, did not constitute reversible error.

5. INSTRUCTIONS—*practice of submitting forms of verdict. Held,* that the practice of the trial court in submitting to the jury forms of verdict leaving the amount of the damages to be awarded blank is not improper.

Assumpsit. Error to the County Court of Cook county; the HON. WILLIAM 'A. WALL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed April 19, 1912.

WILLETT H. CORNWELL and LEE D. MATHIAS, for plaintiff in error.

GILBERT & GILBERT and CHARLES A. CHURAN, for defendant in error.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

Anton Wesolowsky, defendant in error, hereinafter called plaintiff, brought an action in the County Court of Cook County in assumpsit, for the use of the Edward Hines Lumber Company, against John Twarog, plaintiff in error, hereinafter called defendant, to recover a balance due on a building contract and for extras. The declaration contained a special count on the building contract, and also the common counts. The defendant pleaded the general issue. On the trial a verdict for $900 in favor of the plaintiff was returned, and judgment was entered thereon.

The controversy grew out of a building contract and the performance of the same. The original contract was in writing, and provided for the erection of a dwelling house for the price of $2,225. The extras set forth in the bill of particulars were $200 for building a barn, $75 for a shed, $50 for a shed, $50 for building a fence, and $86 for extra partitions and changes, making a total of $461 for extras, and a total of balance due on contract and for extras of $1,076. The plaintiff remitted $76 from the bill in order to bring the case within the jurisdiction of the County Court.

The evidence shows that a written agreement was entered into between the plaintiff and the defendant on the second day of October, 1906, for the erection of a dwelling house on or before December 5, 1906, for the sum of $2225, and providing that $1112.50 was to be paid thereon when the building was under roof, and the balance upon the completion of the house.

Subsequently to making this agreement, the defendant directed the plaintiff to construct a barn 16x20 in size upon the lot. The barn was shown by the evidence to be reasonably worth $200. The plaintiff also directed the defendant to build for him a large coal shed, and that was shown by the evidence to be worth

$75. The plaintiff also directed the defendant to construct for him another shed, which according to the evidence was worth $50. The plaintiff also directed the defendant to build a picket fence around the lot, and this is shown to have been worth $50, and the plaintiff during the construction of the house made various changes in the partitions, putting in some new partitions not called for by the original sketch of the house, and these changes were shown to be worth $86.

Upon the original contract payments were made amounting to $1610, and the balance of the contract, together with extras, was unpaid at the time of bringing suit.

The defendant claimed on the trial that the work was improperly done; that the house was not finished according to the terms of the contract, and that the barn and sheds were a part of the original contract. These questions, so far as they were questions of fact, were submitted to a jury, and upon the merits we are of the opinion, upon the evidence adduced, that the finding of the jury is correct and ought not to be disturbed.

It is urged on behalf of the defendant that the court below erred in the admission and rejection of testimony. In support of this contention error is claimed in the ruling of the court permitting the following question to be put and answered: ''Q. Was the barn part of this contract? A. No.'' We see no material error in allowing this question to be propounded to the witness. On the other hand if it was error it was harmless error. The written contract before the jury settled that question, and it clearly appearing from the written contract that the barn was not part of the original contract, the answer given by the witness could not materially injure the defendant. It was really a question of law for the court and not a question of fact for the jury. We do not agree with the contention of defendant in this court that it was a

question of fact for the jury to determine from the conversation of the parties as to whether the barn was a part of the contract. If it was a question of fact for the jury, then there is no legal objection to the question.

Defendant urges further that the court below erred in overruling the defendant's objections to the following questions asked of plaintiff by his counsel:

"Q.  Well, now, did you do any extra work there besides the extra work of changing the partitions?

Q.  Any other extra work?

Q.  When did he order that done?"

And the objections urged to these questions are that the questions called for conclusions of the witness. We think the objections not well taken.

In the course of the trial the plaintiff offered in evidence a bill of the Hines Lumber Company, rendered to the plaintiff below, composed of three pages of items, amounting to a total of $894.45.  On the bill was an order signed by the plaintiff directing the payment of this money to the Edward Hines Lumber Company, with a direction to charge the amount of it to the plaintiff's account. We do not think any reversible error was committed by the court in allowing this evidence to go before the jury.

A witness by the name of Griggs was produced on behalf of the plaintiff, who testified to selling the lumber on behalf of the Hines Lumber Company to the plaintiff, and that it was directed to be delivered to the premises of the defendant.  We think the court did not err in overruling the objection to the question and in refusing to strike out the answer of the witness.

Error is also claimed in the ruling of the court in sustaining the objections of the plaintiff to the following questions asked the defendant by his counsel relative to the partitions in the attic of the house:

"Q.  State what, if anything, was said as to what

partitions should be placed in the attic in the conversation in Drycimski's office?

Q.    Did you hire anybody to build partitions in the attic?

Q.    Were there any partitions put in the attic by the contractor?

Q.    Was there anything said between you and the contractor at the time you met in the office in reference to putting partitions in the attic?

Q.    What was the reasonable value of the services, reasonable cost of putting in partitions in the attic?"

These questions were intended to bring out the facts that the plaintiff below had agreed, as a part of the original contract, to build these attic partitions, and that by reason of his failure to do so the defendant had to attend to it, and also to show what it reasonably cost the defendant below to have it done. Presumably the questions were ruled out upon the ground that conversations had before executing the contract or at the time of executing the contract for the house were all merged in the original contract, and it was therefore immaterial and improper to allow answers to the above questions. We think the ruling of the court upon these questions was proper. No claim was made by the plaintiff for partitions placed in the attic, and there was no issue in the case upon which the questions or the answers thereto would afford any light. The defendant's theory was that the original contract required the partitions to be constructed. Of this the contract offered no proof, and the answers would have presented an immaterial issue to the jury.

It is urged that the court below erred in giving the following instruction to the jury:

"The jury are instructed that the preponderance of evidence in a case is not alone determined by the number of witnesses testifying to a particular fact or state of facts. In determining upon which side the preponderance of evidence is, the jury should take into consideration the opportunities of the several witnesses for

seeing or knowing the things about which they testify; their conduct and demeanor while testifying; their interest or lack of interest, if any, in the result of the suit; the probability or improbability of the truth of their several statements, in view of all the other evidence, facts and circumstances proven on the trial, and from all these circumstances determine upon which side is the weight or preponderance of the evidence.''

This instruction is claimed to be wrong because it omits the element of the number of witnesses which the jury should consider in determining the preponderance of the evidence, and therefore the instruction was misleading to the jury. The instruction is not free from error. Lyons v. Ryerson, 242 Ill. 409; Elgin, Joliet & Eastern Ry. Co. v. Lawlor, 229 Ill. 621; Chicago Union Traction Co. v. Hampe, 228 Ill. 346. We do not think, however, that the omission of the number of witnesses in this instruction in this case was reversible error. E. J. & E. Ry. Co. v. Lawlor, *supra.* We do not think that it affected in any wise the verdict of the jury, when considered in connection with the other instructions given in the case.

Objection is also urged to the following instruction given by the court:

''The court instructs the jury as a matter of law that in suits on building contracts a literal compliance with the plans, specifications and drawings of a contractor is not necessary to recovery, and if you find from the evidence that the plaintiff in good faith performed the contract on which recovery in this suit is sought, substantially and in all material particulars, according to its terms and the plans, specifications and drawings for the work, without wilful departure therefrom or omission in essential points, that such performance is sufficient to entitle the plaintiff to maintain this suit.''

In our opinion the court did not err in giving the instruction.

Error is assigned upon the action of the court in

submitting to the jury two forms of verdict, and instructing the jury that in the event they find for the plaintiff their verdict should be upon the first of the forms submitted, and in the event that they find for the defendant the verdict should be in the second form. We are unable to see that the rights of the defendant were in any way prejudiced by the action of the court. It is well established practice of the courts to submit to the jury two forms of verdict. It should be said that the form of verdict submitted for the use of the jury in case they found the issues for the plaintiff left in blank the amount of damages to be awarded. That was to be found by the jury and filled in by them in making up their verdict.

We find no reversible error in the record, and we are of the opinion that substantial justice was done in the trial.

The judgment of the County Court is therefore affirmed.

*Affirmed.*