## Robert Ovens, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 16,449.

1. STREET RAILROADS—*evidence in collision accident sufficient to go to the jury.* A man driving a buggy on street car tracks because of snow banked upon the sides of the tracks, at night and in a dimly lighted and sparsely settled part of a city, was struck by an overtaking electric car. He testified that he looked when about two blocks back and saw no car and had no notice of the approach of a car until it was fifteen feet away, too late for him to successfully clear the track. The motorman testified he observed the buggy when sixty feet away, that the car was going eight miles an hour, that he sounded the gong and made unavailing efforts to stop the car, and that the driver was partly out of the track and turned in, in front of the car. The conductor, who had been discharged and whose testimony was weakened by evidence of threats

and contradictory statements, testified that the motorman was not looking ahead and did not have his hands on the controller or brake. *Held*, it was proper to refuse a peremptory instruction.

2. STREET RAILROADS—*when evidence of conditions observed subsequent to accident is admissible.* Where a man driving a buggy is struck by an overtaking electric car at night and there was sufficient snow on the ground to enable persons to observe the tracks of the buggy wheels and other conditions upon the ground, witnesses may testify, within proper restrictions, as to the conditions they actually observed at the scene of the accident the following morning.

3. STREET RAILROADS—*when evidence of conditions observed subsequent to accident is inadmissible.* Where a man driving a buggy is struck by an overtaking electric car at night and is thrown under the fender and there was sufficient snow upon the ground to enable persons to observe the tracks of the buggy wheels and other conditions upon the ground, it is improper to permit a witness who examined the scene of the accident the following morning to state, without further explanation or identification, that he saw "the dragging of something along on the street car track."

4. STREET RAILROADS—*when ordinance requiring light on vehicle is admissible.* Where a person driving on street car tracks in a sparsely settled and dimly lighted locality in the night time without a light on his buggy is struck by an overtaking electric car, an ordinance declaring it unlawful for any wheeled vehicle to use the streets without displaying a light within the period stated therein is admissible.

5. EVIDENCE—*when speculative opinion of physician is prejudicial.* Where evidence as to the character and extent of a personal injury is sharply conflicting and the damages awarded were necessarily based upon permanency of injury, a speculative opinion of a physician as to certain conditions and symptoms, "the condition may go on for life, it might increase, it might even—it might change or get better, although the length of time that the injury, such a symptom persisted, makes it less and less apt to improve," is prejudicial.

6. WITNESSES—*when instruction as to bias of employe is inaccurate.* An instruction in a street railway accident case that the fact that any witness was or had been in the employ of either the plaintiff or defendant might be considered by the jury in determining the weight to be given to the testimony of such witness is improper when the only witnesses within such class were those called by the defendant.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. HENRY V. FREEMAN, Judge, pre

siding.   Heard in the Branch Appellate Court at the March term, 1910.   Reversed and remanded.   Opinion filed August 12, 1912.

JAMES G. CONDON and C. LEROY BROWN, for appellant.

JAMES L. BYNUM and S. P. DOUTHART, for appellee; GUERIN, GALLAGHER & BARRETT, of counsel.

MR. JUSTICE BAUME delivered the opinion of the court.

This is a suit by appellee against appellant to recover damages for personal injuries alleged to have been occasioned by the negligence of appellant. A trial in the Superior Court resulted in a verdict and judgment against appellant for $4,500, from which judgment this appeal is prosecuted. The declaration charges that while appellee was driving south on Western avenue in the exercise of due care for his own safety, appellant so carelessly, negligently, wantonly and wilfully drove and managed a south-bound electric trolley car, that said car then and there ran into appellee's buggy, and appellee was thereby thrown from said buggy down to the ground and said buggy and said electric car then and there ran over and upon him, injuring him, etc. The charge in the declaration that the act of appellant was wanton and wilful was abandoned by appellee upon the trial.

On February 10, 1905, appellant maintained and operated on Western avenue between 63rd and 68th streets a double track street railway, whereon cars were propelled north and south by electricity. On that day following a considerable fall of snow, the snow had been cleared from and between the tracks and banked upon either side of the tracks, so that the only portion of the street available for travel with vehicles was the cleared space upon and between the tracks. At about eleven o'clock at night appellee, driving in a single buggy, entered upon Western avenue

from 63rd street and proceeded to drive south on or between the tracks. When appellee reached a point between 63rd and 64th streets he observed a northbound car as it passed and looked north, but saw no car approaching from that direction. The locality was sparsely settled and dimly lighted. The night was dark, and the temperature was about at zero. While driving south appellee's limbs were tightly enclosed in a blanket, and he wore a heavy overcoat of which the collar was turned up, and a cap which was pulled down over his ears. Thus attired he drove at a slow trot without looking back to see whether a car was approaching from the north until he reached a point where 66th street, if it ran through, would intersect Western avenue, or a point between 67th and 68th streets, when his buggy was struck by a south-bound car, and he was thrown to the ground and injured. There was no light on appellee's buggy.

Appellee testified that he drove south in the south-bound track; that he heard no warning signal, and was not aware of the approach of the car until he heard the grinding noise of a car in motion at a distance of ten or fifteen feet behind him; that he turned immediately and saw the car and hurriedly pulled his horse to the south-east in an effort to clear the track; that when the car struck the buggy he thought the horse was in the east, or north-bound track, and that all but the left hind wheel of the buggy had cleared the south-bound track; that although the headlight in the car was dim, the car was, otherwise, well-lighted, and he could have seen it approaching a distance of at least two blocks.

Kucera, the motorman, testified on behalf of appellant that he first observed the buggy when it was fifty or sixty feet ahead of him; that the headlight would show a distance of twenty or thirty feet in front of the car; that the car was then going at a speed of about eight miles an hour; that as soon as he saw the

buggy he tapped the gong and applied the brake, and that when within twenty-five or thirty feet from the buggy, he released the brake, reversed the power and applied the sand, and just as he did so, appellee, who, up to that time was driving between the rails of the north-bound track and in the space between the two tracks, so that the car would have cleared the buggy about a foot, started to turn toward the south-bound track immediately in front of the car and so was struck; that at that time the car was running at a speed of about two miles an hour and ran about five feet after it struck the buggy; that appellee was thrown under the fender of the car where he remained about fifty minutes until help was secured to assist in raising the car.

Abbott, the conductor, who was subsequently discharged by appellant, testified as a witness for appellee that at the time of the collision the car was running at a speed of between nine and ten miles an hour; that the motorman was on the front platform with his cap over his ears, his coat collar turned up, a handkerchief tied across his face just beneath his eyes, and was facing the west, striking his hands on his back, and having no hand on the controller or on the brake; that the first the witness knew of the collision was when he saw or heard the glass come in on the platform; that the car ran about 100 feet before it was stopped; that when appellee was taken from beneath the fender he had a blanket around him from his heels to his waist, and another blanket from his waist over his head; that from 64th street until the collision occurred he was standing in the front end of the car looking south and southwest at the motorman through the glass in the sliding door, but did not see the horse and buggy until after the collision. The probative force of Abbott's testimony is appreciably weakened by the fact that he made a wholly contradictory written statement immediately following the accident as to the

manner of its occurrence, and by the testimony of several witnesses as to statements made by him to the effect that if he was not restored to his position, or was not given a substantial sum of money he would get even with appellant by testifying against it in the case.

As the judgment must be reversed and the cause remanded for another trial because of error in the instructions and in the admission of evidence, we refrain from a discussion of the facts disclosed by the competent evidence in the record bearing upon the questions of appellant's alleged negligence and the exercise by appellee of due care for his own safety, further than to say that upon the evidence adduced the peremptory instructions tendered by appellant were properly refused.

The competent evidence bearing upon the character, extent and permanency of the injuries sustained by appellee is close and conflicting.

The evidence tends to show that on the night of the accident and the morning following there was sufficient snow on the ground to enable persons to observe the tracks of wheels and other conditions appearing upon the ground at and about the place where the accident occurred, and the testimony of the witnesses, Laskey and Alexander Ovens, within proper restrictions, as to the conditions they actually observed there the following morning, was not improperly admitted, but the witness, Alexander Ovens, was improperly permitted to state, without further explanation or identification, that he saw "the dragging of something along on the street-car track." There had been no additional snow fall during the night or the next morning, and as the witnesses testified that they saw wheel tracks of but one buggy, the suggestion by counsel for appellant that the tracks made by other vehicles may have obscured the tracks made by the wheels of appellee's buggy is without force.

Over the objection of appellant, Dr. Adams, called

by appellee as an expert, was permitted to state his admittedly purely speculative opinion as to the permanency of certain conditions and symptoms claimed by appellee to be the result of the injury. Referring to the subject-matter of the inquiry the witness said: ''The condition may go on for life, it might increase, it might even—it might change or get better, although the length of time that the injury, such a symptom persisted, makes it less and less apt to improve.''

In Lauth v. Chicago Union Traction Co., 244 Ill. 244, it was held that consequences which are contingent, speculative or merely possible are not proper to be considered in ascertaining the damages; that it is not enough that the injuries received may develop into more serious conditions than those which are visible at the time of the injury, nor even that they are likely to so develop; that to entitle a plaintiff to recover present damages for apprehended future consequences there must be such a degree of probability of their occurring as amounts to a reasonable certainty that they will result from the original injury. In view of the fact that the competent evidence relating to the character and extent of appellee's injuries is sharply conflicting, and of the further fact that the damages awarded by the jury were necessarily predicated upon a finding that the injuries sustained were permanent, the action of the court in permitting Dr. Adams to state his merely speculative opinion in the language quoted was prejudicial to appellant.

As bearing upon the question of appellee's due care for his own safety, appellant offered in evidence an ordinance of the City of Chicago declaring it to be unlawful for any wheeled vehicle to use the streets of the city without having displayed one or more lights or lanterns, within the period therein stated, but such ordinance was held by the trial court to be inadmissible. While it may be doubted whether appellant is in a position to attack the propriety of such ruling,

it is proper to say that the ordinance was competent evidence, and should have been admitted. Flynn v. Chicago City Ry. Co., 250 Ill. 460.

The third instruction given at the instance of appellee, although in this case not ground for reversal, is technically inaccurate and should have been refused, or so modified as to embody the element of the number of witnesses in the enumeration of the matters proper to be considered by the jury in determining the preponderance of evidence in the case. Lyons v. Ryerson & Son, 242 Ill. 409.

The fourth instruction given at the request of appellee informed the jury that the fact that any witness in the case was or had been in the employ of either the plaintiff or defendant might be considered by them in determining the weight which ought to be given to the testimony of such witness. The only witnesses embraced within the class mentioned were witnesses called by appellant. The instruction was held to be inaccurate in Bennett v. Chicago City Ry. Co., 243 Ill. 420, and the reason it was there held not to have been harmful, does not exist in the case at bar, viz., that the verdict of the jury was not inconsistent with the hypothesis that everything testified to by appellant's witnesses was absolutely true. The eighth instruction, given at the request of appellee, relates to the questions of damages. While the instruction is substantially accurate, any criticism of it can readily be avoided by limiting the consideration of the jury, in determining the amount of damages to be awarded, if any, to the facts and circumstances proved by the evidence bearing upon the elements of damage proper to be considered. The fifth instruction, given at the request of appellee, is not open to the criticism made and was properly given.

The twenty-eighth instruction, as tendered by appellant, was approved in Chicago Union Traction Co. v. Browdy, 206 Ill. 615, and was improperly modified by

the court before it was given to the jury. The facts upon which the instruction was predicated were testified to by the witness, Kucera, and the instruction should have been given, without modification, as tendered.

For the errors indicated the judgment of the Superior Court is reversed and the cause remanded.

*Reversed and remanded.*