Leo Kravitz, a minor, by Julius Kravitz, his next friend, Plaintiff in Error, v. Chicago City Railway Company, Defendant in Error.

### Gen. No. 16,886.

1. STREET RAILWAYS—*instructions must be accurate where evidence is conflicting.* Where evidence as to cause of a street railway accident is sharply conflicting, it is of particular importance that the instructions shall be accurate.

2. STREET RAILWAYS—*where giving of thirty-nine instructions in accident case is prejudicial.* Where thirty-nine instructions are given for a defendant in a street railway accident case, eighteen of which direct a verdict and some of which are somewhat long and involved, and the entire thirty-nine tend to confuse the jury, the giving of such a number is prejudicial error.

3. STREET RAILWAYS—*when instruction relating to accident at crossing in populous locality is misleading.* When a boy is killed by an electric car at a street crossing in a populous locality, and the case is tried on conflicting theories that he was struck while crossing the street by a car negligently operated and that he was struck after he had been "flipping" the car, an instruction for defendants as to their duty to anticipate attempts to cross, to the effect that the law did not require their servants to be all the while upon their guard against dangers "not reasonably to be expected, the unusual or extraordinary," which omits any reference to the character of the locality, is misleading and unwarranted under the defendant's theory.

4. STREET RAILWAYS—*where instructions ignoring age of boy are misleading.* Where a boy of twelve or thirteen years is killed at a street crossing by an electric car, instructions on his contributory

negligence in failing to discover the approach of the car and to avoid being struck by it, under which the jury may believe that the same degree of care to avoid the accident was required to be exercised by the plaintiff as would be required of an adult, are misleading.

5. INSTRUCTIONS—*when correct on preponderance of evidence.* An instruction that the preponderance of evidence "is not alone necessarily determined by the number of witnesses," with an enumeration following of the matters proper to be considered by the jury, in which enumeration are the words "besides such number of witnesses," is not faulty.

Action in case for personal injuries.   Error to the Superior Court of Cook county; the HON. LOUIS BERNREUTER, Judge, presiding.   Heard in the Branch Appellate Court at the October term, 1910.   Reversed and remanded.   Opinion filed October 31, 1912.

ROSE, SYMMES & KIRKLAND, for plaintiff in error; F. O. FLOBERG, of counsel.

JAMES G. CONDON and WATSON J. FERRY, for defendant in error; LEONARD A. BUSBY, of counsel.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

This was an action begun in the Superior Court of Cook County by Leo Kravitz, a minor, by Julius Kravitz, his next friend, plaintiff in error and hereinafter called plaintiff, against the Chicago Railways Company and the Chicago City Railway Company, defendant in error and hereinafter called defendant, to recover damages for personal injuries alleged to have been sustained by plaintiff as a result of his being struck by a car of defendant in Halsted street at its intersection with 14th place in the city of Chicago. During the trial the action was discontinued as to the Chicago Railways Company and the case proceeded against the defendant upon the first and third counts of the declaration. The jury found the defendant not guilty, and judgment was entered upon the verdict. This writ is prosecuted to reverse that judgment.

The facts, briefly stated, are: Halsted street runs north and south in the city of Chicago. It is inter-

sected at right angles by the following streets, beginning at the north: 14th street, 14th place (also called Henry street), and 15th street. The last named street does not, however, cross Halsted street. South of 15th street are two viaducts crossing Halsted street, the most northerly of which viaducts is 131 feet south of the south building line of 15th street. At the time of the accident there were two street car tracks on Halsted street,—north-bound cars running on the east track and south-bound cars running on the west track. The accident occurred on May 12, 1908, at about six o'clock in the evening. At that time plaintiff was a minor, between twelve and thirteen years of age, and was attending the public schools. According to his testimony, after he had had his supper he went to Klein's store, located on the northeast corner of Halsted & 14th streets, to buy a composition book; that after leaving the store he walked south on the east side of Halsted street until he reached the southeast corner of 14th place and Halsted street; that then he started west to cross Halsted street on the south cross-walk of 14th place; that he noticed a car approaching from the south on the east track and he waited until that car had passed, when he advanced toward the west on said cross-walk; that when he reached the west track he was struck by a south-bound car and his right leg was run over; that he was taken to the county hospital where he remained one night; that he was then taken to the Michael Reese hospital, where he remained for about sixteen weeks; that there his leg was operated upon four times and finally was amputated about two inches above the ankle, and that he was laid up about one year as a result of the accident. The testimony of certain witnesses on behalf of plaintiff tended to show that when plaintiff was struck by said south-bound car it was running on the west track at a high rate of speed without any gong being sounded.

The case was tried on two distinct and opposing theories as to the accident—plaintiff vigorously maintaining one and defendant maintaining with equal vigor the other. At the request of defendant the court gave to the jury an instruction as to these opposing theories in part as follows:

"You are instructed that it is the theory of the plaintiff in this case that he, Leo Kravitz, was attempting to cross Halsted street at or near the intersection of 14th place and that while he was crossing Halsted street at that point as a pedestrian and while in the exercise of due care for his own safety, the defendant so carelessly and improperly drove and managed the car in question that by and through the negligence, mismanagement and unskillfulness of the defendant's servant or servants in charge of the car the said car struck the plaintiff and thereby injured him. * * * "

"You are further instructed that it is the theory of the defendant in this case that the plaintiff, Leo Kravitz, was not so injured while attempting to cross Halsted street as a pedestrian at the place alleged and that he was not struck by the car in question while so attempting to cross the street as a pedestrian, but that he, Leo Kravitz, just prior to the time of the accident, had been flipping the car as defined in another instruction, and had been riding upon the front step of the blind side of the car and that he either fell or jumped off the car while it was in motion, and was thereby injured, * * * ."

The evidence is very conflicting. Six witnesses, including plaintiff, testified in plaintiff's behalf and their testimony tended to support plaintiff's theory. Fifteen witnesses were called on behalf of defendant, and the testimony of nine of them tended to support defendant's theory. Counsel for defendant directs this court's attention to what they term incongruities and contradictions in the testimony on behalf of plaintiff. And counsel for plaintiff do likewise as to defendant's testimony. In view of the fact that, after

a careful examination of the record and of the briefs of the respective counsel, we have reached the conclusion that there should be a new trial of this case, we do not express any opinion as to the weight of the evidence, although plaintiff's counsel urge, as one of two grounds why the judgment of the trial court should be reversed, that the verdict is against the great weight of the evidence.

Counsel for plaintiff also urge a reversal of the judgment on the ground that the trial court erred in giving certain instructions offered by defendant. Where evidence is as conflicting as in this case it is of particular importance that the instructions shall be accurate. Illinois Cent. R. Co. v. Maffit, 67 Ill. 431; Lyons v. Ryerson & Son, 242 Ill. 409, 416.

At the conclusion of plaintiff's case the court refused on motion of defendant to instruct the jury to bring in a verdict in its favor, and at the conclusion of all the evidence refused a like motion. The court then gave one instruction on behalf of plaintiff, and thirty-nine instructions offered by the defendant, eighteen of which directed a verdict for defendant, and some of which were somewhat long and involved, and the entire thirty-nine tended, we think, to confuse the jury. While it has been held to be error for the trial court to arbitrarily restrict the number of instructions to be asked by the parties or given to the jury (Chicago City Ry. Co. v. Sandusky, 198 Ill. 400, 403; Chicago Union Traction Co. v. Olsen, 211 Ill. 255, 256), and while it is also error to refuse to give a correct requested instruction where no other specific instruction covers the subject (Chicago City Ry. Co. v. O'Donnell, 208 Ill. 267, 276) still, "it was never contemplated, under the provisions of the practice act, that the court should be required to give a vast number of instructions, amounting, in the aggregate, to a lengthy address," and such a practice is "mischievous and ought to be discontinued," and "does not enlighten the minds of a jury on the issues submitted to them,

but rather tends to introduce confusion." Adams v. Smith, 58 Ill. 417, 419; Chicago City Ry. Co. v. Sandusky, 99 Ill. App. 164, 168; Chicago, P. & M. R. Co. v. Mitchell, 159 Ill. 406, 407; West Chicago St. R. Co. v. Petters, 196 Ill. 298, 302; Donnelly v. Chicago City Ry. Co., 235 Ill. 35, 39. Under the facts of this case we are inclined to the opinion that the giving of such a large number of instructions, many of which directed a verdict for defendant, constituted prejudicial error.

Counsel for plaintiff urge that the court erred in giving instruction No. 17 offered by defendant. It advised the jury that the preponderance of the evidence in a case "is not alone necessarily determined by the number of witnesses," and then follows an enumeration of the matters proper to be considered by the jury, in which enumeration were the words "besides such number of witnesses." We do not think the instruction is faulty under the rule announced in Lyons v. Ryerson & Son, 242 Ill. 409, 417, and the cases there cited.

Counsel for plaintiff contend that the court erred in giving instructions Nos. 20, 21 and 22, offered by defendant. They were to the effect that the law did not require that the servants of defendant should be all the while upon their guard against dangers "not reasonably to be expected," the "unusual or extraordinary." Instruction No. 22 directed a verdict and is as follows:

"The court instructs the jury that while the defendant in operating its car in question was bound to have regard to the rights and safety of others, yet it is not obliged to be all the while on its guard against the not reasonably to be expected, the unusual or extraordinary, and if you believe from the evidence, under the instructions of the court, that the plaintiff suddenly started to run across the street in front of defendant's car and was struck by the defendant's car and was thereby injured, and if you further believe from the evidence that the plaintiff's suddenly start-

ing to run across the street in front of defendant's car, if he did so run, was under all the circumstances in evidence in this case, extraordinary, not reasonably to be expected, or unusual, and that as the car approached the place in question it was being operated with ordinary care by the servant or servants in charge thereof, then it became the duty of the defendant to stop its car only as soon as the servant or servants in charge thereof had, or in the exercise of ordinary care should have had, notice or knowledge of the apparent intention of the plaintiff to do as he did. And if you believe from the evidence under the instructions of the court that such notice or knowledge came too late for the said servant or servants in the exercise of ordinary care to stop the said car without injuring the plaintiff, then you must find the defendant, Chicago City Railway Company, not guilty.''

Counsel for plaintiff urge that this instruction is not applicable either to the theory of the defendant as to the accident, or to the theory of the plaintiff. ''Drivers, gripmen and motormen of street cars are obliged to exercise a more exacting attention, when they approach street crossings in a crowded city, where vehicles and pedestrians may always be expected in front of them.'' Chicago City Ry. Co. v. Fennimore, 199 Ill. 9, 14; Chicago City Ry. Co. v. Tuohy, 196 Ill. 410, 413. And counsel contend that a motorman in charge of a street car, when approaching a crossing in a busy street like Halsted street, should have his car under proper control and should anticipate that persons might attempt to cross his track immediately after or soon after a car running in the opposite direction had passed said crossing, that this is an occurrence reasonably to be expected, that this instruction tended to mislead the jury into believing that defendant's motorman was required to exercise no greater degree of care in approaching the crossing in question than would be required of him while propelling his car in the middle of a block, and that it also tended to mislead the jury into believing that, even

though the car in question was running at a high rate of speed and no gong was being sounded, if defendant's motorman used ordinary care to stop the car as soon as he had knowledge of plaintiff's intention to cross his track, the defendant was not liable for the injuries sustained. We are inclined to agree with counsel's contention. West Chicago St. Ry. Co. v. Petters, 196 Ill. 298, 302; Chicago City Ry. Co. v. Hackett, 136 Ill. App. 594, 599, rev'd 235 Ill. 116, 129. Substantially the same instruction was refused in West Chicago St. Ry. Co. v. Petters, supra, and the court said there was no error in refusing it. In Scanlan v. Chicago Union Traction Co., 127 Ill. App. 406, 410, substantially the same instruction was given and it was held that under the defendant's theory in that case the giving of the instruction was not error. But in the present case we think it tended to mislead the jury and was unwarranted under defendant's theory.

We are also of the opinion that instructions Nos. 28, 31 and 32, offered by the defendant and given, all of which directed a verdict for the defendant, and which were on the subject of the contributory negligence of plaintiff in failing to discover the approach of the car in question and avoiding being struck by it, tended to mislead the jury into believing that the same degree of care to avoid the accident was required to be exercised by plaintiff, a boy of twelve or thirteen years, as would be required of an adult. Illinois Iron & Metal Co. v. Weber, 196 Ill. 526; Star Brewery Co. v. Hauck, 222 Ill. 348; Lake Erie & W. R. Co. v. Klinkrath, 227 Ill. 439; McGuire v. Guthmann Transfer Co., 234 Ill. 125; Ratner v. Chicago City Ry. Co., 233 Ill. 169, 173.

The judgment of the Superior Court is reversed and the cause remanded.

*Reversed and remanded.*