## Harry de Joannis, Appellee, v. Domestic Engineering Company, Appellant.

### Gen. No. 18,803.

1.  APPEAL AND ERROR, § 775*—*when bill of exceptions becomes part of the record.* A bill of exceptions becomes a part of the record by being signed and sealed by the trial judge.

2.  APPEAL AND ERROR, § 903*—*when original bill of exceptions is incorporated in the transcript of record.* The original bill of exceptions *held* properly incorporated in the transcript of the record

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

by a stipulation of the parties, though the word "record" in the stipulation was used for and in the place of the words "transcript of the record."

3. INSTRUCTIONS, § 89*—*when instruction on question of preponderance of evidence omitting number of witnesses reversible error.* An instruction given for plaintiff advising the jury that the preponderance of the evidence does not consist alone in the greater number of witnesses testifying and then enumerating certain matters to be considered by the jury, omitting the number of witnesses testifying for and against, *held* reversible error.

Appeal from the County Court of Cook county; the Hon. W. F. SLATER, Judge, presiding. Heard in this court at the October term, 1912. Reversed and remanded. Opinion filed March 9, 1914.

MOSES, ROSENTHAL & KENNEDY, for appellant; WALTER BACHRACH, of counsel.

CULVER, ANDREWS & KING, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

This is an action for an alleged wrongful discharge of the plaintiff from the employment of the defendant, in which plaintiff recovered six hundred and ninety dollars, and the defendant appealed.

Appellee's contention that there is in the record no bill of exceptions is without merit. The record states that on a certain day there was filed in the cause a certain bill of exceptions in words and figures as follows, to wit, and then follows a bill of exceptions duly signed and sealed by the trial judge. This bill of exceptions became a part of the record by such signing, but prior to the enactment of the present statute the clerk was not permitted to incorporate into a transcript of the record the original bill of exceptions. The statute authorizes this to be done on stipulation, and in this case the parties by their attorneys stipulated that the original bill of exceptions might be incorporated into the "record" in lieu of a copy thereof. The bill of exceptions, as has been said, was already a part of the record. The word

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

"record" in the stipulation was used for and in place of the words "transcript of the record," and pursuant to the stipulation the clerk properly inserted the original bill of exceptions into the transcript of the record filed in this court.

The only controverted question in the case was whether the plaintiff, de Joannis, resigned, as defendant contended, or was discharged by defendant, as plaintiff contended. On this question four witnesses called by the defendant testified that plaintiff resigned and that his resignation was accepted by the president of the defendant corporation, and only the plaintiff testified that he was discharged. The Court, at the request of the plaintiff, gave to the jury the following instruction:

"The jury are instructed that the preponderance of evidence does not consist alone in the greater number of witnesses testifying to a particular fact or state of facts.

In determining upon which side the preponderance of the evidence is, the jury should take into consideration the opportunities of the several witnesses for seeing or knowing the things about which they are testifying, their conduct and demeanor while testifying, their apparent candor and fairness, their interest or lack of interest, if any, in the result of the suit and the probability or improbability of the truth of their several statements in view of the evidence, facts and circumstances proved on the trial and from all these circumstances determine upon which side is the weight or preponderance of the evidence."

In *Lyons v. Joseph T. Ryerson & Son*, 242 Ill. 409, an instruction for the plaintiff advised the jury that the preponderance in a case "is not alone necessarily determined by the number of witnesses," and then follows an enumeration of the matters proper to be considered by the jury, omitting the number of witnesses testifying for and against, and it was said, p. 417: "In *Chicago Union Traction Co. v. Hampe*, 228 Ill. 346, and *Elgin, Joliet and Eastern Railway Co. v. Lawlor*, 229 id. 621, it was held that a similar instruc-

tion should not have omitted this element. In view of the fact that the appellee's case rested very largely upon his own testimony and that more witnesses testified for appellant than for himself, this instruction might have misled the jury on this point."

In this case appellee's case rested entirely on his own testimony and against him was the testimony of four witnesses.

We think that the giving of the instruction in question in this case was reversible error, and for that error the judgment is reversed and the cause remanded.

*Reversed and remanded.*