DONK BROS. COAL AND COKE COMPANY

*v.*

STAN LUCIS.

*Opinion filed February 21, 1907.*

1. MINES—*when demand for props may be properly made upon drivers.* A request for props made by a miner to a driver is sufficient demand upon the mine manager, within the meaning of the statute, where the mine manager has instructed the miners to ask drivers for props when in need of them. (*Henrietta Coal Co.* v. *Martin,* 221 Ill. 460, distinguished.

2. SAME—*what does not defeat a recovery for failure to furnish props demanded.* In an action for injuries received by a miner from the defendant's alleged failure to furnish props demanded by the plaintiff, the fact that there was a sufficient supply of props and cap-pieces of suitable dimensions at or near the place where the plaintiff was working does not defeat a recovery unless such props and cap-pieces were supplied for the plaintiff's use.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. R. D. W. HOLDER, Judge, presiding.

Stan Lucis brought this action in case against Donk Bros. Coal and Coke Company to recover damages for a personal injury, under the Mining statute, based on the alleged willful failure of the mining company and its managers to deliver to defendant in error props of sufficient length and dimensions with which to prop the roof of his room. There were two counts in the declaration, in the first of which it is alleged that a demand for props was made upon the mine manager, and in the second count that a demand was made upon the plaintiff in error through its driver.

Plaintiff in error was operating a large coal mine located near Donkville, Madison county, Illinois. The company employed about five hundred men in the operation of its mine. Defendant in error was an employee of the company and en-

gaged in digging coal. About 8:30 A. M., September 19, 1904, defendant in error was seriously injured by a fall of slate or some substance from the roof of his room. Defendant in error obtained a verdict in the circuit court of St. Clair county for $14,000, upon which the court below, after requiring $6000 to be remitted, entered judgment, which was affirmed by the Appellate Court for the Fourth District. Defendant below has sued out a writ of error from this court seeking a reversal of the judgments of the circuit and Appellate Courts.

The additional facts, so far as they are necessary to an understanding of the questions involved in this court, are stated in the following opinion.

WARNOCK, WILLIAMSON & BURROUGHS, (L. D. TURNER, of counsel,) for plaintiff in error.

SCHAEFER & FARMER, and THOMAS R. MOULD, for defendant in error.

Mr. JUSTICE VICKERS delivered the opinion of the court:

It is first contended that the court erred in admitting in evidence testimony tending to prove that defendant in error made a demand for props upon the driver, the evidence not showing that such request was communicated to the mine manager; and as a subordinate proposition it is contended that the court erred in refusing to withdraw the second count from the consideration of the jury, for the reason that there was no competent evidence in the record tending to sustain it.

The judgment of the Appellate Court affirming the judgment of the circuit court determines every controverted question of fact in favor of defendant in error. In our consideration of the case we are compelled to assume, as the evidence tends to show, that on September 14, 15 and 16

defendant in error made demands for props on both the mine manager and the assistant mine manager with which to prop the room where he was injured.   On the same days, and also on Monday, the 19th, which was the day of the injury, defendant in error testified that he made demands for props upon the drivers, and it is with respect to this evidence that plaintiff in error now complains.

The evidence shows that Patrick Dooner was the mine manager and John Thompson was his assistant.   It further shows the mine manager had instructed defendant in error and other miners that when they needed props to order them from the drivers, and that this instruction had been very generally followed by the miners.   Owing to the size of the mine and the large number of employees it was impracticable to require the miners to make a personal demand upon the mine manager for props.   It is stated in the evidence that the mine was so large that the manager could not personally get around to all the working places more than once in ten or twelve days.   If, as contended by plaintiff in error, every one of the several hundred miners employed in this mine was required to leave his room and go in search of the mine manager in order to request him to supply props, and if it then became the duty of the mine manager to look up the driver for the particular room where the props were wanted and deliver the order for props to the driver in person, it is apparent that a great deal of confusion and unnecessary loss of time, both to the manager and miner, would result.   To avoid this the manager instructed the miners to make their requests for props direct to the drivers.   This appears to be a very reasonable and common-sense method, the adoption of which in a large mine, such as this is shown to be, promoted the best interests of both employer and employee.   The advantages of such a method are readily seen. The drivers and the miners are brought in contact with each other at frequent intervals when the mine is running, thus affording an opportunity for the miner to request, and the

driver to deliver, props to meet the necessities which are continually arising in the various rooms of the mine.

In *Donk Bros. Coal and Coke Co.* v. *Peton,* 192 Ill. 41, the evidence showed that the method employed in the mine was for the miners to write on a blackboard provided for that purpose the number and dimensions of props and caps wanted. The appellee in that case had made his request in accordance with the method adopted by the company. The drivers would take the order from the blackboard and haul the props to the rooms where they were wanted. The point was there made that this was not a demand made upon the mine manager. In disposing of that contention it was there said: "This mode of making a demand for props and caps was a reasonable and proper one, and, as it was the mode adopted and in general use, it constituted a sufficient demand upon the mine manager, within the meaning of the statute." In the case at bar the mine manager had expressly established the rule in this mine that the miners should request props, when wanted, from the drivers. We see no difference in principle between this case and the *Peton case* in this regard. We do not mean to hold that in a mine where no such rule has been established as is shown here, a demand for props made upon the driver is equivalent to a demand made upon the mine manager, but where, as here, the mine manager has instructed the miners to make their requests for props from the drivers, and the miner does so, such demand must be held to meet the requirements of the statute.

This case is distinguishable from *Henrietta Coal Co.* v. *Martin,* 221 Ill. 460, where we held that evidence of a demand upon the driver for props, which had not been communicated to the manager, was inadmissible. In that case there was no established rule or custom which was authorized by the company, as there is in the case at bar.

It is insisted by plaintiff in error that the court should have given instruction numbered 15, and that it was reversible error to refuse it. That instruction told the jury, among

other things, that the law required that a demand for props, cap-pieces or timbers must be made upon the mine manager. That instruction was not applicable to the facts in this case, and what we have said in disposing of plaintiff in error's first contention shows the correctness of the ruling in refusing this instruction.

It is also insisted that the court erred in modifying instruction No. 8. That instruction, as modified by the court and given to the jury, is as follows:

"The court further instructs you, that if you believe, from the evidence in this case, that at the time the plaintiff was injured there was, at or near the place where the plaintiff was working, a sufficient supply of props, cap-pieces and timbers of suitable length and dimensions for securing the roof where plaintiff worked, which had been supplied for plaintiff's use, then you should find the defendant not guilty."

The modification complained of was the addition of the words, "which had been supplied for plaintiff's use." We do not understand that delivering props near defendant in error's room which were supplied for the use of another miner in another room would be a compliance with the statute requiring plaintiff in error to furnish timbers for defendant in error upon his demand. There was no error in the modification of this instruction.

Instruction No. 10, which was also modified by the court, even after it was modified laid down the rule with too much strictness. As modified it told the jury that the demand for props must be made upon the mine manager or his assistant. These persons, as we have seen, were not the only parties upon whom a legal demand could be made for props under the facts in this record. The instruction as modified stated the law stronger for plaintiff in error than it was entitled to have it.

The modification of instruction No. 12 was proper, and as modified was in harmony with the views herein expressed, and there was no error in the modification.

The criticism made upon the remarks of counsel in his closing argument to the jury we do not deem of sufficient importance to require a discussion.

The assignment of error in relation to the excessiveness of the verdict raises a question which is not reviewable in this court.

Finding no reversible error in the record the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*