**William Yanloniz, Appellee, v. Spring Valley Coal Company, Appellant.**

### Gen. No. 18,928.

1. MINES AND MINERALS, § 163*—*when testimony of demand for props from driver inadmissible.* In an action against a mining company for injuries sustained by a miner through the alleged negligence of the mine manager in failing to provide props, permitting plaintiff to testify that he made a demand for props of the driver of coal cars, without establishing a custom of permitting demands for props to be made upon drivers, *held* error.

2. INSTRUCTIONS, § 89*—*when instructions ignoring number of witnesses in determining preponderance of the evidence misleading.* The giving of instructions on the preponderance of the evidence stating that by a preponderance of the evidence is not necessarily meant the greater number of witnesses and telling the jury what they may consider in determining such preponderance but omitting the

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

number of the witnesses as an element to be considered, *held* reversible error in a case in which the number of the witnesses was an important factor.

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1912. Reversed and remanded. Opinion filed March 30, 1914.

MASTIN & SHERLOCK, for appellant; FRANK CROZIER, of counsel.

ELMER & COHEN, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

This is an appeal from a judgment had by plaintiff in a suit to recover damages for personal injuries received by him while working as an employe for the defendant.

As we have concluded that there should be another trial, we shall not narrate the testimony at any length. Defendant was engaged in mining coal, and plaintiff was working in the mines, where he was injured by the falling upon him of some coal or rock, or both. In his declaration he alleges a violation of the mining statute, chapter 93, sec. 16, Hurd's St. 1909 (J. & A. ¶ 7494). This statute is as follows:

"The Mine Manager  *  *  *  shall always pro-° vide a sufficient supply of props, caps and timber delivered on the miners' cars at the usual place when demanded, as nearly as possible, in suitable lengths and dimensions for the securing of the roof by the miners, and it shall be the duty of the miner to properly prop and secure his place with materials provided therefor."

Plaintiff alleges in his declaration that he demanded such props, but that the mine manager failed, neglected and refused to provide a sufficient supply of props, and that by reason of such violation of the statute, while plaintiff was working as a miner and because

of the absence of such props, plaintiff was crushed by a fall of rock, slate, coal, etc.

The evidence shows that the vein of coal where plaintiff was working was about three and one-half feet thick and lay between fire clay below and rock above. This clay runs ordinarily from six to ten inches in thickness and lies over a ledge of rock. In mining, the clay is dug from under the coal for a distance of about three feet. The evidence indicates that if this coal is not supported it sometimes falls. To keep the coal from falling until the miner has finished undercutting, he cuts a niche in the coal and braces it with a "sprag" or short prop. At the proper time he removes this, and if the coal does not fall of its own weight he wedges it down. Sometimes the coal breaks below the niche holding the prop. This layer of coal below the niche is called "bottom" coal.

It is claimed by the defendant that the preponderance of the evidence shows that plaintiff was injured by a fall of this "bottom" coal and not by a fall of the roof. If this is true there can be no recovery, for the statute which is alleged to have been violated contemplates props "for the securing of the roof" so as to prevent its falling, and manifestly not for the purpose of preventing the falling of "bottom" coal. The process of mining is for the very purpose of producing a fall of the coal. The plaintiff claims that it was the roof that fell, and that this was caused by the absence of the necessary props.

The plaintiff testified that he was injured by a fall of material from the roof. He produced one other witness to testify to the occurrence, but this witness on cross-examination testified that plaintiff was injured by a fall of the "bottom" coal. Three witnesses produced on behalf of the defendant testified that the roof at the place of the accident was sound and that plaintiff was injured by being caught by a fall of the "bottom" coal which he was mining. There were therefore four witnesses testifying that the plaintiff was injured

in this manner, and on the other hand only the plaintiff testifying that he was injured by a fall of material from the roof.

At the request of the plaintiff the Court gave the following instructions on the preponderance of the evidence:

"(2)  By a preponderance of the evidence is not necessarily meant a greater number of witnesses, but if the allegations of the plaintiff's declaration have been proven by such evidence as satisfies and produces conviction in the minds of the jury, then he has proven his case by a preponderance of the evidence."

"(3)  The preponderance of the evidence in a case is not alone determined by the number of witnesses testifying to a particular fact or state of facts.  In determining upon which side the preponderance of the evidence is the jury should take into consideration the opportunities of the several witnesses for seeing or knowing the things about which they testify; their conduct and demeanor while testifying; their interest or lack of interest, if any, in the result of the suit; the probability or improbability of the truth of their several statements, in view of all the other evidence, facts and circumstances proved on the trial; and from all these circumstances determine upon which side is the weight or preponderance of the evidence."

We are of the opinion that the giving of these instructions is reversible error where the number of witnesses is an important factor in determining the preponderance of evidence.  Among the cases so holding are:  *Lyons v. Joseph T. Ryerson & Son,* 242 Ill. 409; *Elgin, J. & E. Ry. Co. v. Lawlor,* 229 Ill. 621; *Chicago Union Traction Co. v. Hampe,* 228 Ill. 346; *Andreicyk v. Chicago & E. I. R. Co.,* 150 Ill. App. 539. It may be that in a case where the number of witnesses was not important, the giving of such instructions might not be ground for reversal, as was the case in *Elgin, J. & E. Ry. Co. v. Lawlor, supra,* but in the case before us the number of witnesses testifying, as above indicated, was a very important matter to be considered by the jury, and an instruction which ignores or

omits the number of witnesses as an element to be considered is calculated to mislead the jury.

Plaintiff testified that he made a demand for props of the mine manager, but this was denied by the manager. Plaintiff was also permitted to testify that he made a demand for props of the driver of coal cars running in the mine. Plaintiff did not establish any custom of permitting demands for props to be made upon the drivers when the manager had failed to respond to the demand. Therefore, evidence of a demand upon the driver should not have been admitted. This is in accord with the ruling in *Henrietta Coal Co. v. Martin,* 221 Ill. 460, where the Court said, upon this kind of evidence, that the plaintiff "did not show that the driver communicated this demand to the manager, or that it was the manager's duty to call on the driver to ascertain whether any such request or demand had been made of the driver   *   *   *   if the driver failed to convey the order to the manager the driver would be at fault, and not the manager, and the proprietor could not be held liable for such negligence on the part of the driver. Evidence of the demand made on the driver should not have been admitted." In *Donk Bros. Coal & Coke Co. v. Lucis,* 226 Ill. 23, it was permitted to show a demand upon the drivers for props, for the reason that the mine manager had expressly established the rule in that mine that the miners should request props from the drivers; and in the opinion that case is distinguished from *Henrietta Coal Co. v. Martin, supra,* the Court saying of the latter case, "there was no established rule or custom which was authorized by the company." In the case at bar the evidence shows clearly that there was no custom of demanding props from the drivers, but that the custom was that the demand should be made either of the mine manager or of his assistant, Condie, who was called the "face boss." Under such circumstances the admission of testimony concerning the demand upon the driver was error.

For the reasons above indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*