## Oscar H. Ogren, Plaintiff in Error, v. Charles Sundell, Defendant in Error.

## Gen. No. 6,853.

1. BROKERS, § 93*—*questions for jury in action for compensation.* In an action by a broker for commission upon the sale of land listed with him, it is a question for the jury whether the services rendered by the broker were the procuring cause or effective means which finally resulted in the sale of the property.

2. BROKERS, § 48*—*right to commission where sale is made by owner.* The mere fact that an owner consummates the sale, or that it is made upon different terms than those proposed through the broker, is not conclusive that the broker is not entitled to commissions if the sale resulted in fact through the instrumentality of the broker.

3. INSTRUCTIONS, § 89*—*number of witnesses.* An instruction which practically eliminates the force and effect of the greater number of witnesses as a factor in determining the preponderance of evidence is erroneous.

4. BROKERS, § 97*—*instructions in action for commission.* An instruction that "it is not sufficient to entitle plaintiff to a verdict to show that he was employed by the defendant and that he showed the property in question to a party who afterwards purchased it from the defendant, but * * * plaintiff must show by a preponderance or greater weight of the evidence that he was the procuring cause of the sale," is erroneous because it excludes from consideration by the jury the showing of the property to the subsequent purchaser on the question of the procuring cause of the sale.

5. · BROKERS, § 97*—*when instruction erroneous in action for commission.* An instruction which intimates that the broker who first speaks to the purchaser of property which is for sale is not entitled to a commission, but the broker who is the procuring cause of the sale, is misleading as intimating that the first broker could not also be the procuring cause of the sale.

6. INSTRUCTIONS, § 63*—*assuming controverted question as fact.* An instruction which assumes a controverted question as being a fact is erroneous.

7. BROKERS, § 97*—*when instruction erroneous in action for commission.* An instruction that a broker must not only have procured a purchaser but one able, ready and willing to purchase on

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.\

the terms agreed upon or terms satisfactory to the seller, is erroneous where the purchaser actually bought from the owner, since in such case the questions of ability, readiness and willingness, and terms are eliminated.

8. BROKERS, § 84*—*what evidence immaterial in action for commission.* In an action by a broker for commission on a sale made by the owner to a purchaser alleged to have been obtained by the broker, evidence of payment of a commission to another in the matter is immaterial and should be excluded.

Error to the County Court of Winnebago county; the Hon. FRED E. CARPENTER, Judge, presiding. Heard in this court at the October term, 1920. Reversed and remanded. Opinion filed March 17, 1921.

ROY F. HALL and FRANK H. HALL, for plaintiff in error.

JOHNSON, LARGE & RENO, for defendant in error.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

The plaintiff in error, Oscar H. Ogren, who is a real estate broker in the City of Rockford, commenced this suit to recover commissions alleged to be due him under contract with the defendant in error, Charles Sundell, for procuring a purchaser for certain real estate owned by the defendant in error. The property consisted of a lot and dwelling house situated thereon, in Rockford. The proof shows that the defendant in error in June, 1919, listed the property referred to with the plaintiff in error for sale, and contracted with him to pay 5 per cent commission, if the plaintiff in error procured a purchaser for the property. The purchase price, at which the property was listed, was fixed at $2,600; $600 was to be paid down, and the balance to be paid in monthly instalments. The plaintiff in error made efforts to sell the property; and in connection with W. J. Lyon, another

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

real estate broker, who worked with the plaintiff in error in trying to sell the property, found that John A. Olson and Ida Olson, his wife, were desirous of purchasing property of the character and kind referred to. These prospective purchasers were taken to the property by the plaintiff in error and Lyons, and looked it over, and found that it was the kind of property that they wanted, and informed the plaintiff in error to that effect; and that they would think it over, but concluded finally that they would not be able to buy it, because they did not have the amount of ready cash which was required to be paid down; and also thought that the price at which the property was quoted to them was too high. Afterwards, according to the testimony of Lyons, about July 16, following the date of the visit to the property, he saw both of the Olsons, and they told him they would take the property if they could get the owner to take a smaller payment down, and that he thereupon advised them to take the matter up with the plaintiff in error. Nothing further, however, was done concerning the purchase of the property by the Olsons until afterwards, through the intervention of another party, the Olsons got into direct communication with the plaintiff in error; and thereupon finally purchased the property on August 21, 1919, directly from the defendant in error, and purchased it upon terms different, and more favorable to them, than those at which it was listed. The defendant in error refused to pay plaintiff in error the commission which he claimed by virtue of the contract under which the property was listed, and thereupon this suit was commenced before a justice of the peace in Winnebago county. Judgment was rendered in favor of the plaintiff in the justice court; an appeal was taken to the county court, and the case there tried *de novo*. This trial resulted in a verdict and judgment in favor of

the defendant in error. A writ of error is now prosecuted from the latter judgment.

It is the contention of the defendant in error that before the sale, which was finally made by the defendant in error to the Olsons, was consummated, the plaintiff in error had abandoned his efforts to sell the property to the Olsons; and that they had had their minds made up that they could not buy it; and that the transaction concerning the sale of the property in which the plaintiff in error participated, and which might have resulted in a sale, had ended, and was so considered both by the defendant in error and the purchasers; that it was only through the intervention of the third party that a sale was finally made. These matters involve questions of fact, which are for the determination of a jury; and this is true concerning the other question, which is raised in the case, namely, whether the services rendered by the plaintiff in error were the procuring cause or effective means which finally resulted in the sale of the property by the defendant in error. *Reed v. Young,* 146 Ill. App. 210. The mere fact that the seller consummates the sale, or that it was made upon terms different from those proposed to the broker, does not necessarily deprive the broker of his commission. If it appears that the purchaser was induced to apply to the owner through the instrumentality of the broker or through means employed by him or that the sale was effected through information derived from the broker, the broker would be entitled to his commission, although the sale was consummated and the deal closed finally by the owner. *Hafner v. Herron,* 165 Ill. 242; *Rounds v. Victoria Hotel Co.,* 184 Ill. App. 501.

The principal grounds for the reversal of the judgment relate to the giving and refusing of instructions. The first instruction given for the defendant in error refers to the elements which the jury should consider in arriving at the preponderance of the evidence. It

is erroneous because it practically eliminates the force and effect of the greater number of witnesses as a factor in the determination of that question. Instructions of this character have repeatedly been held to be erroneous. *Dunning v. Childs*, 211 Ill. App. 633; *de Joannis v. Domestic Engineering Co.*, 185 Ill. App. 271; *Yanloniz v. Spring Valley Coal Co.*, 185 Ill. App. 563. The instruction referred to is also subject to the criticism made by the Supreme Court in *Lyons v. Chicago City Ry. Co.*, 258 Ill. 75. The fifth instruction given for the defendant in error is as follows:

"The court instructs the jury .that it is not sufficient in this cause to entitle the plaintiff to a verdict to show that he was employed by the defendant and that he showed the property in question to a party who afterwards purchased it from the defendant, but the court instructs the jury that the plaintiff must also show by a preponderance or greater weight of the evidence that he was the procuring cause of the sale of the premises in question."

By this instruction the court clearly excluded from consideration by the jury one of the elements, namely, the showing of the property to the subsequent purchaser, which the plaintiff in error relied upon as tending to show that the efforts which he made to bring about a sale of the property were the procuring cause of the sale, and was therefore erroneous. In the sixth instruction given for the defendant in error, it is intimated that the broker who first speaks to the 'purchaser of the property which is for sale, and which in this case was the plaintiff in error, is not entitled to a commission, but the broker who is the procuring cause of the sale. This was misleading. It might have given the jury the idea that the first broker was not one who could be considered as the procuring cause of the sale, which was the controverted question in the case. The seventh instruction assumes that the plaintiff in error offered the property in question at a higher price than was agreed upon

in the contract for the commission made with the owner. This was also a controverted question in the case, and the instruction was therefore erroneous. The eighth instruction is confusing because it substitutes the person of the defendant in error, for the efforts he may have made as a procuring cause of the sale. The tenth instruction told the jury that the plaintiff in error, in order to recover a commission, must not only have procured a customer, but must have procured one who was able, ready and willing to purchase the property on the terms agreed upon between the plaintiff in error and the owner in the contract of employment, or on terms satisfactory to the seller. Inasmuch as the customer in this case actually purchased the property on terms satisfactory to the seller, the element of being able, ready and willing to purchase the premises on the terms agreed upon in the contract of employment were eliminated from the case, and should have been eliminated from the instruction, and had a tendency to mislead the jury into thinking that feature in the case was of importance in its determination. We find no substantial errors in the admission or exclusion of evidence, except that the proof of the payment of $50 to Westerburg, as a commission for the part, it was claimed, he took in bringing about the sale of the premises, was not competent under the issues; and did not have any material bearing upon the real question involved between the parties, namely, whether the plaintiff in error had complied with the terms of his contract, and therefore entitled to the commission which he claimed he had contracted for. The objection to this evidence should have been sustained. For errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*