Anna Rudin, Administratrix of the Estate of August Rudin, Deceased, Defendant in Error, v. William W. Wheelock and William G. Bierd, Receivers of the Chicago & Alton Railroad Company, Plaintiffs in Error.

Gen. No. 8,136.

Opinion filed February 8, 1928.

WILLIAM L. PATTON, for plaintiffs in error; SILAS H. STRAWN, of counsel.

JOHN G. FRIEDMEYER and CHAS. S. ANDRUS, for defendant in error.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

In this case, the defendant in error, Anna Rudin, as administratrix of the estate of August Rudin, deceased, sued the plaintiffs in error William W. Wheelock and William G. Bierd, as receivers of the Chicago & Alton Railroad Company, in the circuit court of Sangamon county, to recover damages resulting to the next of kin of the deceased, on account of the death of the deceased, which it is alleged was caused by the neg-

ligence of the plaintiffs in error in the operation of the Chicago & Alton Railroad Company. The declaration contains an averment of general negligence in the operation of an interstate train on the Chicago & Alton Railroad at its intersection with Sangamon Avenue, a public crossing, located in the northern part of Springfield, Illinois. It also alleges specific negligence in that the train in question was driven across Sangamon Avenue at a high and dangerous rate of speed, without giving any warning of its approach; also that the statutory signals, namely, the ringing of a bell or the blowing of a whistle upon the train's approach to the crossing in question were not given.

The trial of the case resulted in a verdict and judgment in favor of the defendant in error for $10,000. This writ of error is prosecuted from the judgment.

The questions of negligence of the plaintiffs in error which were the main subjects of controversy at the trial were that the train was running at an excessively high rate of speed, and that the statutory signals of warning were not given as required by the statute. A number of witnesses were called both by the plaintiffs in error and the defendant in error to testify concerning these matters. It is urged by the plaintiffs in error for reversal of the judgment that the defendant in error did not establish her case by a preponderance of the evidence, and this question is the main question submitted for review.

The record discloses that the court gave an instruction directly bearing upon the question of how the jury should determine the matter of the preponderance of the evidence. Error is assigned on this instruction which is as follows:

"The jury are instructed that the preponderance of the evidence in a case is not, necessarily, alone determined by the number of witnesses testifying to a particular fact or state of facts, but in determining upon which side the preponderance of the evidence is,

the jury should take into consideration the opportunities of the several witnesses for seeing or knowing the things about which they testify, their conduct and demeanor while testifying, their interest or lack of interest, if any, in the result of the suit, the probability or improbability of the truth of their several statements, in view of all the other evidence, facts and circumstances proved in the trial, and from all the evidence, facts and circumstances in evidence, determine on which side is the weight or preponderance of the evidence.''

It will be noted, that in this instruction the court told the jury that ''in determining upon which side the preponderance of the evidence is, the jury should take into consideration the opportunities of the several witnesses for seeing or knowing the things about which they testify, their conduct and demeanor while testifying, their interest or lack of interest, if any, in the result of the suit, the probability or improbability of the truth of their several statements, in view of all the other evidence, facts and circumstances proved in the trial, and from all the evidence, facts and circumstances in evidence, determine on which side is the weight or preponderance of the evidence.'' Thus by the instruction, the court eliminated from the consideration of the jury the element of the number of witnesses as a factor in determining the question of the preponderance of the evidence. It has been repeatedly held that instructions of this character, which inform the jury how the question of the preponderance of the evidence should be determined, but do not take into account the force and effect of the greater number of witnesses which may have testified for one side or the other, are erroneous. *Noone v. Olehy,* 297 Ill. 160; *Ogren v. Sundell,* 220 Ill. App. 584. There is another erroneous feature in this instruction, namely, that which directs the jury that they should take certain matters into consideration. This was referred to in

*Lyons v. Chicago City R. Co.*, 258 Ill. 75, where the court said: "While it may be proper to enumerate elements which the jury may consider, an instruction which tells them they 'must' or 'should' consider is liable to be misleading. * * * On the trial of the case the court should leave the jury perfectly free and untrammeled to pass upon the credibility of the witnesses, determining for themselves the weight to be given to the testimony. * * * It is not the province of the court to tell the jury in any case what evidence is the strongest." The instruction referred to was distinctly prejudicial to the right of the plaintiffs in error to have instructions legally accurate, inasmuch as the record discloses that the larger number of witnesses, who testified on the controverted questions referred to, testified favorably to the contention of the plaintiffs in error.

For the reasons stated the judgment is reversed and the cause remanded.

*Reversed and remanded.*