## CLEVELAND RAILWAY CO v POLLACK

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12485. Decided March 13, 1933

Squire, Sanders and Dempsey, Cleveland, for plaintiff in error.

Borden and Gaines, Cleveland, for defendant in error.

McGILL, J.

In this situation where one witness testified for the plaintiff as to how the accident happened against three witnesses for the defendant, this court is of the opinion that the charge was prejudicial and erroneous.

While it is true that the jury may believe or not believe any witness or witnesses, and may disregard the whole or any part of the testimony of any witness, nevertheless the effect of this instruction was to minimize the influence of a number of witnesses, and it may be well said that it encouraged the jury to disregard this element in comparison with others which they should take into consideration. The jury may have been induced by this instruction to believe that the number of witnesses was of little importance. In other words, there was an over-emphasis with respect to this part of the charge relating to the number of witnesses.

That a charge minimizing the effect of the number of witnesses can be prejudicial, is well established by the authorities cited:

10 Ruling Case Law, page 1005, §193.

Noone v Olehy, 297 Ill. 160.

Tri-City Railway Co. v Gould, 217 Ill. 317.

Ogren v Sundell, 220 Ill. App. 584.

Dunning v Childs, 211 Ill. App. 633.

Pennington v Gillaspie, 66 W. Va. 643.

Dupuis v Saginaw Valley Traction Co., 146 Mich. 151.

Davies v Philadelphia Rapid Transit Co., 228 Pa. 176.

Holder v Philadelphia Rapid Transit Co., 217 Pa. 110.

Sullivan v Nesbit, 97 Conn. 474.

In view of the number of witnesses as to the accident which were produced on

each side in this case, we believe that under the authorities this instruction was erroneous and prejudicial. Accordingly the judgment is reversed and this cause remanded for further proceedings according to law.

LIEGHLEY, PJ, and LEVINE, J, concur in judgment.